FRED AHRENS *et al.*

*v.*

THE MINNIE CREEK DRAINAGE DISTRICT.

*Opinion filed December 22, 1897.*

DRAINAGE—*commissioners cannot create indebtedness in advance and levy assessment to meet it.* Drainage commissioners have no power to create in advance an indebtedness for completing the improvement and then levy an assessment to meet it, even though they advanced the money to complete the work after the original assessment was exhausted. (*Winkelmann* v. *Moredock and Ivy Landing Drainage District, ante,* p. 37, followed.)

APPEAL from the County Court of Kankakee county; the Hon. JOHN SMALL, Judge, presiding.

W. R. HUNTER, for appellants.

PADDOCK & COOPER, for appellee.

Per CURIAM: This is an appeal by certain owners of lands in the Minnie Creek drainage district, and by the commissioners of highways of the town of Otto, from the order and judgment of the county court of Kankakee county confirming a special assessment against their respective tracts of land. The drainage district was organized in 1893, under the act of May 29, 1879, and the acts amending the same, for drainage purposes, and there was levied at that time an assessment against the lands in the district, which has been collected and expended. This was a petition filed in 1895 by the drainage commissioners for a "re-assessment" of all the lands in the district. The petition alleged that the previous assessment to the amount of $9281.95 had been expended in and about the work of the district, under the direction and approval of the county court, as shown by an itemized statement attached to the petition, and that there remained but $28.35 in the treasury of the district, and that there were exist-

ing outstanding liabilities and obligations of the district to the amount of $4727.66, which were incurred for money expended in pursuance of the original plans and specifications, as approved and ordered by the court, and that such expenditures had been approved by the court; that there was a mistake in the original estimate, and the work cost nearly $5000 in excess thereof, and the money for such excess had been advanced by the commissioners to save the district from the costs of litigation and from suits by contractors. The petition alleged that the previous assessment was wholly inadequate to complete the work commenced, which work was necessary to insure protection of the lands in the district; that the commissioners desired to have money for additional work, to-wit, to form a fund to repair and clean out ditches and remove obstructions and the natural filling up of the ditches for the next two or three years, estimated at $700, and that $572.34 would be required to complete the work already commenced. The petition prayed for a re-assessment to the amount of $6000, which amount was the aggregate of the two items of $700 and $572.34 and the outstanding indebtedness of $4727.66. No one appearing to object to the said petition after due notice, a default was entered and the assessment ordered as prayed to be made by the commissioners. Afterwards appellants appeared, in pursuance of notice given of the application of the commissioners for confirmation of the assessment, and filed their objections to such confirmation, in which, among other things, it was alleged that the order authorizing the assessment was void and the commissioners had no authority to make the assessment; that the commissioners had no authority to contract debts and then make assessments on the lands in the district to pay such debts, and could not lawfully make an assessment to reimburse themselves for moneys advanced by them to carry on the work, in excess of the assessment which had been made for such work. A jury was waived and cause heard by the court.

The objections were overruled by the court. Motions were also made to modify the order directing the assessment, so as to exclude from such assessment so much thereof as was required to pay the alleged liabilities of the district, and to eliminate from the assessment, so far as it applied to the lands of the objectors, the alleged illegal assessment of $4727.66 levied to pay the alleged liabilities and outstanding obligations of the district. Exceptions were taken to the action of the court in overruling the objections and motions of the objectors and to the judgment of the court in confirming the assessment.

We are of the opinion that the county court erred in not sustaining appellants' objections. The commissioners had no power to incur an indebtedness against the district in excess of the assessment levied. This power is limited by the statute, and the court had no power to authorize them to incur an indebtedness not authorized by the statute. As said in the recent case of *Winkelmann* v. *Moredock and Ivy Landing Drainage District, (ante,* p. 37): "The commissioners have no power to create the indebtedness in advance, and then levy an assessment for the purpose of meeting it." The question was fully considered in that case, and the conclusion was reached as stated. No necessity is seen for a further review of the question in this case.

However unselfish commissioners may be in advancing or borrowing money or in creating debts in excess of the assessments to complete or carry on the work of reclaiming the lands in the district, it is an assumption of power not conferred to do so and then to cause an assessment to be levied to reimburse themselves or to pay the indebtedness thus created. As was said in the case cited, the statute limits the power of the commissioners to borrow money to a certain percentage of the amount of the then unpaid assessment. "Necessarily, therefore, the assessment precedes the contracting of the indebtedness." While some hardship may result in this case, it would

open the door to the grossest abuses in other cases to sustain the assessment, as against the lands of the appellants, in this case.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*