Lewis Schafer et al. Defendants in Error, vs. J. H. Gerbers et al. Plaintiffs in Error.

*Opinion filed April 23, 1908—Rehearing denied June 4, 1908.*

1. Appeals and errors—*effect where no exception is taken to final order overruling objections to drainage assessment.* Where no objection is made or exception taken and preserved by bill of exceptions to the final order of the county court overruling objections to a drainage assessment, such order can be questioned only for errors which appear on the face of the pleadings or the order.

2. Same—*when the question whether part of bill of exceptions should be expunged from record need not be considered.* The question whether a part of the bill of exceptions in a drainage assessment case should be expunged from the record because it contains the evidence given on the hearing of the legal objections at a term previous to the one at which the bill of exceptions was taken need not be considered, where no question is made in the briefs as to the exclusion or admission of testimony and no exception is preserved in the bill to the entry of the final order.

3. Drainage—*lands added to an established district should pay their proportionate share of original cost of the work.* Under section 58 of the Levee act, lands added to an established district may be assessed to pay their proportionate share of the original cost of the work at any time, either in a separate proceeding or with the other lands, and if there shall be no future work requiring an additional outlay they should be assessed their proportionate share of the original cost and the amount so collected be rebated proportionately to the lands originally assessed.

4. Same—*order determining objections to drainage assessment may be reviewed by writ of error.* An order of the county court determining objections to a drainage assessment levied under the Levee act may be reviewed by writ of error under section 123 of the Courts act, allowing appeals and writs of error in special assessment cases, notwithstanding the repeal, in 1907, of section 25 of the Levee act, which provided for appeals and writs of error in drainage assessment proceedings where objections had been filed and passed upon.

Writ of Error to the County Court of Iroquois county; the Hon. John H. Gillan, Judge, presiding.

J. W. Kern, and C. G. Hirschi, for plaintiffs in error.

KAY, SAUM & KAY, and SCHNEIDER & SCHNEIDER, for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

The history of the organization of the drainage district here in question and connecting the ditches on the plaintiffs in error's lands with those of the district is fully set out in *People* v. *Schafer,* 228 Ill. 17. It was there held that after such district was duly organized the lands of the plaintiffs in error had been legally connected with said district under section 58 of the Levee act. (Hurd's Stat. 1905, p. 794.) The commissioners of this drainage district, after the lands were so connected, levied the assessment here in question against the lands of plaintiffs in error under that part of said section 58 which reads: "The assessments of benefits against such lands so added to said district, may be made at any time the commissioners may deem proper; and the assessment roll thereof shall be filed and recorded and proceedings thereon had as in other cases; or such lands may be assessed when all lands throughout the district are assessed." To this assessment plaintiffs in error filed various objections, and after hearing before the county court an order was entered overruling all the objections and confirming the assessment roll as returned by the commissioners and directing the same to be spread of record. To this order no objection was made or exception taken and preserved by bill of exceptions. This being the case, under repeated decisions of this court the judgment can be questioned only for those errors which appear on the face of the pleadings or judgment order. *Bailey* v. *Smith,* 168 Ill. 84; *Jones* v. *Village of Milford,* 208 id. 621; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 231 id. 112; *People* v. *O'Gara Coal Co.* id. 172.

In this connection it is urged by defendants in error that the evidence attempted to be preserved in the bill of exceptions on the hearing of the legal objections was taken at a

given term of court and that no bill of exceptions was taken at that term or order entered granting further time for taking the bill of exceptions, and that therefore such evidence should be expunged from the bill of exceptions. (*Village of Franklin Park* v. *Franklin,* 228 Ill. 591.) The record is not clear as to the term when this evidence was taken, but as no question is made in the briefs as to the exclusion or admission of testimony, (*Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 205 Ill. 538; *Grand Pacific Hotel Co.* v. *Pinkerton,* 217 id. 61;) and as no exception was preserved in the bill of exceptions as to the entering of the final judgment order, it is unnecessary to pass upon the question as to whether a part of the bill of exceptions should be expunged from the record.

Counsel for plaintiffs in error practically admit that advantage can be taken only of errors which appear upon the face of the judgment order or pleadings, but insist that the pleadings, of which the petition is a part, (*Fountain Head Drainage District* v. *Wright,* 228 Ill. 208,) show that this assessment was levied without authority of law, the argument being that the petition must disclose for what purpose the assessment is to be levied. Manifestly, for the original assessment (Hurd's Stat. 1905, secs. 11-13, p. 778,) or for the additional assessment (Hurd's Stat. 1905, p. 786,) the petition should set out clearly the nature and character of the work to be done or the purposes for which the money to be raised by such assessment is to be used. (*Iroquois and Crescent Drainage District* v. *Harroun,* 222 Ill. 489.) The property owners have a right to be heard as to any act of the commissioners materially affecting the extent or cost of the improvement. *Winkelmann* v. *Drainage District,* 170 Ill. 37.

The record in this case discloses that under the original assessment the lands then included in the district were assessed, in round numbers, $15,000, and that the district has collected and expended all of this money in constructing

drains and ditches as originally planned. It is contended by plaintiffs in error that the drainage district has incurred lia-- bilities amounting to considerably more than $1800 in excess of the amount originally levied, and that this assessment is being levied for the purpose of paying such accrued indebt- edness. The petition states, after giving the history of the annexation of these lands to the district and describing them, "that said lands have never been assessed for benefits ac- cruing to them by the work of said district, and that the owners thereof have in no way contributed their proportion- ate share, or any part thereof, of the cost of constructing the ditches and drains of said district," and asks that an assess- ment be levied in accordance with the statute. This state- ment is the only reference found in the record before us to indicate for what purpose this assessment is to be levied. The officials of the drainage district have no authority to create, in advance, an indebtedness for work on the district and then levy an assessment to meet such indebtedness. *Ah- rens* v. *Minnie Creek Drainage District,* 170 Ill. 262; *Win- kelmann* v. *Drainage District, supra; Drainage Comrs.* v. *Kinney,* 233 Ill. 67.

Even though this money cannot be used for paying off the old indebtedness, still counsel for plaintiffs in error insist that the money cannot be raised unless the petition, or some other part of the pleadings, shows more clearly than is set forth in the petition, as above shown, for just what purpose the money is to be used. Counsel admit that when lands are annexed to a district and have received the benefit of the work of the district they should bear their share of the burden, but they contend that when the work has already been completed no further money can be raised, either on the property originally assessed or on property annexed, un- til a further necessity arises for some additional outlay, but whenever another assessment is required to defray the ex- penses of the district for any purpose, then the burden of such assessment should be so distributed upon the lands of

the district that the annexed lands not previously assessed should bear their proportionate share of the whole burden imposed upon the lands of the district, even to the extent of the entire assessment being levied on the lands annexed. If this argument be sound, then, if no additional expenses are required for additional work or for repairs on the work originally done, the lands afterwards annexed would receive the benefit of the original work without paying anything therefor. This is not the intent of the law. Payments made by owners of the land originally assessed do not relieve the land afterward annexed from bearing its proportionate share of the cost of the improvement. (*Hammond* v. *People,* 169 Ill. 545; *People* v. *Judson,* 233 id. 280.) We think it is clear from that part of section 58 of the Levee act quoted above, that the lands annexed can be compelled to pay their proportionate share of the original cost of the improvement at any time after they are brought into the district, either by being assessed in a separate proceeding or assessed together with all the other lands throughout the district. If the entire cost of the original work has been paid by the former assessment before the annexed lands are brought into the district and there should be no future work requiring additional outlay, then it is a fair construction of this act and in harmony with the decisions heretofore cited that the proportionate share of the annexed land must be paid and the amount so collected rebated proportionately to the lands originally assessed, to the end that all property in the district shall finally pay its just proportion, according to benefits, of the original cost of the work. While the petition here in question might, perhaps, have been worded so as to set out more clearly the purpose for which this money is to be raised, we think its present wording shows that the money is to be used in harmony with the views heretofore stated.

What we have already said disposes of all the questions raised in the briefs, appearing in this record, with one ex-

ception. In the trial court plaintiffs in error entered a motion for an appeal, which was denied by that court on the ground that by an amendment to the Levee act (Laws of 1907, sec. 76, p. 282,) section 25 of said Levee act (Hurd's Stat. 1905, p. 782,) was repealed. Thereafter a writ of error was sued out and the case brought to this court for review. Section 22 of said Levee act (Hurd's Stat. 1905, p. 782,) originally provided that after confirmation by the county court of the assessment as to property for which no objections had been filed, no appeal should be allowed therefrom. Original section 25 provided that when objections had been filed and passed upon by the court, appeals and writs of error should be allowed as to such property. Section 22 as now amended provides that no appeal shall be allowed in any case, and as section 25 is entirely repealed there is nothing in the act as now amended that refers to a review by writ of error. Section 123 (paragraph 213) of chapter 37 (Hurd's Stat. 1905, p. 625,) authorizes a writ of error in special assessment proceedings. The repeal of said section 25, so far as it affects writs of error in these cases, does not, by implication, repeal or modify said section 123 of chapter 37, as repeals by implication are not favored. (*People* v. *Murphy,* 202 Ill. 493; *Village of Ridgway* v. *County of Gallatin,* 181 id. 521.) We are of the opinion that this proceeding comes within that class of special assessments referred to in the said section 123, (*Drainage District* v. *Kelsey,* 120 Ill. 482,) and that the judgment order of the county court in a drainage proceeding of this kind can be reviewed by writ of error.

We find no reversible error. The judgment of the county court will be affirmed.     *Judgment affirmed.*