THE KICKAPOO DRAINAGE DISTRICT, Defendant in Error, *vs.* CHARLES JACKSON *et al.* Plaintiffs in Error.

*Opinion filed October 26, 1912.*

1. DRAINAGE—*sufficiency of proceedings to annex land cannot be inquired into in an assessment proceeding.* The order of the county court annexing lands to a levee district is a final, appealable order, and the sufficiency of the complaint and of the proceeding to annex the lands cannot be inquired into in the proceeding to assess the lands annexed.

2. SAME—*what should be stated in an assessment roll against annexed lands.* The assessment roll against lands annexed to a levee district should state the purpose for which the assessment is made, and if the purpose is to require the annexed lands to contribute their proportionate share of the cost of the improvement, the actual cost of the work if completed, or the estimated cost if uncompleted, should be given.

3. SAME—*how annexed lands should be assessed.* If the purpose of assessing annexed lands is to require them to pay their proportionate share of the cost of the improvement the jury should be instructed to consider the whole district, including the annexed lands, as a unit, and assess the annexed lands proportionately on the basis of the actual or estimated cost, as the case may be, to the whole district, without reference to the original assessment, and the amount thus raised should be rebated, in proper proportion, to the lands originally assessed.

4. SAME—*annexed lands not concerned with original assessment.* In the proceeding to assess annexed lands the question whether the original assessment was properly or improperly made is not material, as the annexed lands can only be required to pay their just proportion of the cost of the improvement, without regard to the assessment against any particular tract or tracts in the original proceeding.

5. SAME—*what does not show that specifications tend to restrict competition.* The fact that the specifications for a drainage improvement provide that the work is to be done by a dredgeboat does not, of itself, show that such requirement tends to restrict competition and create a monopoly.

6. SAME—*fact that original estimate was not itemized is not fatal.* Any defense which owners of lands in the original district could have made to the assessment of their lands is available to the owners of annexed lands in a proceeding to assess them their

proportionate share of the cost, but the failure of the commission-ers to itemize the original estimate is not such a defense.

7. SAME—*commissioners are not held strictly to several items of estimate.*  Drainage commissioners are not held strictly to the several items of the estimate of the cost of the work, but may, under the direction or approval of the court, use the money se-cured by the assessment for any one or all of the purposes speci-fied in the estimate.

WRIT OF ERROR to the County Court of McLean county; the Hon. HOMER W. HALL, Judge, presiding.

D. D. DONAHUE, and MURRAY & MORRISSEY, for plain-tiffs in error.

WIGHT & ALEXANDER, for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

The Kickapoo Drainage District, defendant in error, was organized under the Levee act in 1908. The original as-sessment roll was filed by the commissioners and confirmed at the August term, 1909, of the county court. In 1910 the commissioners filed a complaint in the county court, stating that the lands therein described (among them being the lands of plaintiffs in error) lie outside the district and are or will be benefited by the work of the district, and that the owners were deemed by law to have made volun-tary application to have their lands annexed to the district. At the April term, 1911, of the county court an order was entered annexing these lands to the district. The commis-sioners thereafter filed their assessment roll to assess the annexed lands, a jury was empaneled, the lands assessed and the assessment confirmed by the court in August, 1911. This writ of error has been sued out to review those pro-ceedings.

One of the contentions of plaintiffs in error is, that the proceedings to annex the lands are void for the reason that

the complaint filed by the commissioners failed to state that the land owners had connected their ditches with the ditches or drains of the district, and they argue that it is only when such connection with the ditches of the district has been made that lands may be annexed under section 58 of the Levee act. This question is not open for our consideration on this review. The order of the county court annexing lands of plaintiffs in error to the drainage district was a final and appealable order, and the sufficiency of the complaint, and the proceedings had thereunder, can not be inquired into on application to assess the annexed lands, which is a separate and distinct proceeding. *People* v. *Schafer,* 228 Ill. 17.

Plaintiffs in error further contend that the commissioners' assessment roll is defective in that it does not state the use to be made of the money to be raised by the assessment,—whether it is for the purpose of requiring the annexed lands to contribute their proportion to the cost of the original improvement, or for an additional assessment, or both. The assessment roll for the assessment of the annexed lands, as filed by the commissioners, recites that they went upon the lands and made up the assessment roll against the lands annexed to the district; that they had theretofore acquired the right of way and release of damages, and that they assessed the benefits in favor of and against each separately and in the proportion in which each tract is or will be benefited by the improvement, and that in no case had any tract been assessed any benefits greater than its proportionate share of the estimated cost of the work and the expense of the proceedings or any amount greater than it is or will be benefited by the work. This is the only statement made in the assessment roll, and none is made elsewhere in the proceedings, in reference to the purpose of the assessment or the use which is to be made of the money. This is not sufficient. The purpose for which the assessment is to be made should be shown, and

if it is for the purpose of enabling the annexed lands to contribute their proportion to the cost of the original improvement, such cost, if the improvement is completed, should be stated, and if not completed, the estimated cost should be given, otherwise the owners of the annexed lands could not be advised of the purpose of the assessment of their lands and the jury would have no correct basis upon which to proceed to the assessment of benefits. Following the statement above referred to in the commissioners' assessment roll is the roll of benefits and damages as prepared by them. Whether these benefits were estimated upon the basis of the actual cost of the original improvement or the estimate of the same, or whether they were based upon the benefits which the commissioners believed the lands would receive by reason of the improvement, irrespective of its cost, is not apparent.

Aside from instruction No. 5 given on behalf of the commissioners the jury were given no definite basis upon which to make an assessment of benefits against the annexed lands, but, after making some alterations in the roll as prepared by the commissioners, its assessments aggregated $2902.73. It appears from the record that under the original proceedings in the district as first organized the commissioners reported the estimate of the cost of the improvement as $20,000. Upon the filing of the original roll of assessments, in 1909, the commissioners reported that since the making of the first report the right of way for the improvement had been acquired without expense to the district and that the commissioners then estimated the probable cost of the work to be $16,007.92, and the lands then included within the district were then assessed for that sum. Upon the trial of the question of benefits the record of the former proceeding was introduced and both these reports of the commissioners were before the jury. It does not appear whether the original work has been completed, and the jury were not told what amount they should take

as the basis for the assessment of benefits. By said instruction No. 5 the jury were instructed as follows:

"The court instructs you that it is your duty in this case to assess against each tract of land described in said assessment roll the same proportion of its benefits, if any, which you may believe, from the evidence and your view of the district, such tract has or will receive from the work in said district as has heretofore been assessed against other lands of said district."

This instruction does not lay down the correct rule. If this assessment was being made for the sole purpose of enabling the annexed lands to contribute their proportion of the cost of the original improvement, which counsel seem to agree was the purpose, it is apparent that by this direction to the jury they were instructed to assess a larger sum than was necessary. Assuming that the cost of the completed improvement was $16,007.92,—the amount of the final estimate of the commissioners in the original proceeding,—the jury should have been instructed, in assessing the benefits to the annexed lands, to consider the whole district, including the annexed lands, as a unit, and to assess the benefits against the annexed lands proportionately on the basis that the improvement cost the whole district $16,007.92. This should be done without reference to any former assessment of benefits, and just as though the district had been so created originally and this was the first assessment. The benefits thus assessed against the annexed lands would constitute the amount they should contribute to the original cost. The amount thus raised by assessment should then be rebated, in proper proportion, to the lands originally assessed, thus enabling all property in the district finally to pay its just proportion, according to benefits, of the original cost of the work. (*Schafer* v. *Gerbers,* 234 Ill. 468.) Instruction No. 5 required the jury to pursue an entirely different method in assessing the benefits. The jury had before them in evidence the assessment roll

as finally confirmed in the original proceedings, and were thus enabled to determine the amount of benefits which had been assessed against each tract of land in the original district. Again, assuming that the cost of the original work was $16,007.92, under this instruction the jury were required to assess the benefits to the annexed lands upon the basis that $16,007.92 had been paid by the lands comprising the original district and that the annexed lands should be assessed for benefits in the same proportion. Having assessed the benefits against the annexed lands in the sum of $2902.73 by this method, it must follow that it was done upon the theory that the completed work cost $16,007.92 plus $2902.73, instead of $16,007.92. Defendant in error justifies this method of procedure on the ground that the surplus must be rebated, in proper proportions, to all the lands of the district, including those annexed and assessed in this proceeding. This contention is not sound. Only the lands in the original district are entitled to a rebate. The exact cost of the improvement, if completed, or its estimated cost, was known to the commissioners, and they are only authorized to seek an assessment which will require the annexed lands to pay their just proportion of the cost. The statute does not contemplate that lands shall be assessed to provide for the payment of rebates to themselves. We have merely assumed, for the sake of convenience, that the cost of the completed work, if it is completed, or the estimated cost of the work, was used as a basis for making the assessment of benefits. Nowhere in this record does it appear what basis was used for making the assessment, but, without regard to the amount used as a basis, the fifth instruction was erroneous.

The plaintiffs in error further contend that in the original proceeding to assess the lands of the district improper methods were followed, which resulted in the assessment being made upon a wrong basis, and instructions of the court given to the jury in the original assessment proceed-

ings were offered in evidence, which, they contend, prevented the jury from properly ascertaining the benefits to the lands of the original district. Whether the assessment was properly or improperly made in the original proceedings can be of no concern to plaintiffs in error, as, under a proper assessment of the annexed lands in reference to benefits and the cost of the improvement, they can only be required to pay their just proportion of the cost of the improvement without respect to the assessment made against any particular tract or tracts of lands in the original proceedings.

Complaint is also made that in the original proceedings the specifications provided that the improvement was to be made by the use of a dredgeboat, and that this tended to prevent competition and to create a monopoly, thus making the contract void and the work such that no part of the cost can be assessed against plaintiffs in error. We see no objection to specifications which provide that drainage improvements should be made by means of a dredgeboat. If the specifications had provided that the work should be done by a particular make of boat or by a boat controlled by some individual or company there would be some force to the contention. In the absence of all evidence of fraud or that these specifications tended to prevent competition or to create a monopoly, we are of the opinion that this contention cannot be sustained.

It is finally contended that the report of the commissioners, made in the original proceedings and required by section 9 of the Levee act, was defective, in that it did not itemize the estimate of the cost of the work but gave the estimate of the cost of the improvement, together with the incidental expenses and the cost of the proceedings, in bulk. The estimate should have been itemized, but a failure to do so will not enable the annexed lands to escape assessment for the cost of the original improvement. In proceedings to assess annexed lands for the cost of the

original improvement, any defense may be availed of that the owners of lands in the original district could properly have interposed to their assessments or the collection thereof. This is not such a defect. The commissioners are not held strictly to the several items of the estimate, but, under the direction or approval of the court, may use the money secured by assessment for any one or all of the purposes specified in the estimate of cost. (*Spring Creek Drainage District* v. *Elgin, Joliet and Eastern Railway Co.* 249 Ill. 260.) The mere fact that the estimate was not itemized will not enable plaintiffs in error to escape contribution.

For the errors indicated the judgment of the county court is reversed and the cause is remanded.

*Reversed and remanded.*