(No. 10997.)

THE HILLVIEW DRAINAGE AND LEVEE DISTRICT, Defendant in Error, *vs.* J. H. DOWDALL *et al.* Plaintiffs in Error.

*Opinion filed December 21, 1916.*

1. DRAINAGE—*assessment roll filed by the commissioners under the Levee act is not binding on the jury.* The assessment roll authorized to be made by the commissioners under sections 17 and 17*a* of the present Levee act is not an assessment but is filed as the commissioners' claim against the several land owners and tracts of land involved, is subject to dispute by any land owner, is not binding upon the jury which makes the assessment if its correctness is disputed by testimony, and never becomes the assessment unless made so by the verdict of the jury.

2. SAME—*present Levee act does not require commissioners to take special oath to make the assessment.* Under the Levee act in its present form the authority to make an assessment in all cases is conferred upon a jury and not upon the commissioners, and the necessity for the special oath of the commissioners which was required by section 63 of the Levee act no longer exists.

WRIT OF ERROR to the County Court of Greene county; the Hon. THOMAS HENSHAW, Judge, presiding.

LOUIS FITZHENRY, RAY N. ANDERSON, and BEN H. MATTHEWS, for plaintiffs in error.

F. A. WHITESIDE, and J. M. RIGGS, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is a writ of error to review a judgment of the county court of Greene county confirming an assessment roll for a special assessment, under section 37 of the Levee act, against lands in the Hillview Drainage and Levee District, a drainage district organized under the Levee act. On the hearing, which was before a jury, plaintiffs in error, who were land owners, objected to the introduction to the jury or presentation of the assessment roll prepared by the drain-

276 – 3

age commissioners, which objection was overruled. The plaintiffs in error also moved to strike from the files said commissioners' assessment roll, which motion likewise was overruled.

The objection to the assessment roll prepared, filed and presented to the jury by the commissioners was that the commissioners had not, before preparing the roll, taken the special oath prescribed by section 63 of the Levee act. Section 63 provides that each commissioner shall, within ten days after his appointment, take and subscribe the oath prescribed by section 6 of the act to faithfully discharge the duties of the office without favor or partiality and to render true accounts when required by law or by order of the court. The form of the special oath required by section 63 is set out in the section, as follows: "We, ............., commissioners of ........ district, do solemnly swear (or affirm) that we will faithfully and impartially perform the duties required of us, to the best of our understanding and judgment, and make assessments of damages and benefits (or benefits as the case may be) in favor of or against the lands in said district, according to law." It is conceded that this special oath was not taken by the commissioners before preparing the assessment roll presented and filed as their claim against the several land owners and tracts of land. It was the view of the county court and of counsel for defendant in error, the drainage district, that under the law as it now exists this special oath is no longer required of the commissioners, and this is the only question presented for decision by this writ of error. A decision of this question requires a review of the legislation upon the subject of making special assessments in drainage districts.

The original act of 1879 required the assessment of damages and benefits to be made by a jury, and the commissioners were never authorized to assess the land, either for damages or benefits, until 1885, in which year there was a revision of the Levee act, and by a proviso to section 37

the commissioners were authorized to "make any assessments of benefits, or damages and benefits, in lieu of a jury." At the same time section 63 was enacted, which required the commissioners, before making the assessment, to take the special oath prescribed in said section. In 1903 the provision of section 37 authorizing the commissioners to make the assessment of benefits and damages was held unconstitutional. (*Juvinall* v. *Jamesburg Drainage District,* 204 Ill. 106.) The Levee act was again amended by the legislature in 1907, and as amended section 17 authorized the commissioners, after damages to the lands had been agreed upon or ascertained by condemnation, to assess benefits to lands against which no damages had been allowed, and provided that after the damages had been agreed upon and approved or the land condemned the commissioners should take an oath to faithfully and impartially make the assessment of benefits to the lands against which no damages had been allowed. The act was again amended in 1909 so as to take from the drainage commissioners the power to make an assessment of benefits, and such an assessment was required to be made by a jury. (Secs. 17a and 37.) The oath required to be taken by the commissioners by the act of 1907 is not retained in the amendment of 1909, but section 17a of the last mentioned act prescribes the form of oath to be taken by the jury empaneled to make an assessment of benefits or of damages, or of benefits and damages, as the case may be. Section 63 is still retained in the act by the compilers of the statutes, and it is, as we understand, not claimed by the defendant in error that it has been expressly repealed, but the contention is that when authority was taken from the commissioners to make an assessment in any case and the assessment was required to be made by a jury in all cases, the effect was to repeal the requirement of section 63 that the commissioners should take the special oath therein prescribed. Plaintiffs in error contend that this requirement of section 63 for the special oath is still

in force and effect, and base this contention upon the following grounds: Section 17 of the act of 1909 provides that the commissioners shall make a "commissioners' roll of assessments of benefits and damages." Section 17*a* provides this roll shall be filed with the clerk of the court and ten days' notice given, in the manner required by the act, of the time and place the commissioners will appear for the purpose of having a jury empaneled to make the assessment. The jury shall take an oath to faithfully and impartially perform their duties and make their assessment of damages, or damages and benefits, "and thereupon said commissioners, on behalf of said district, shall present and file as their claim against the several land owners and tracts of land, the assessment roll provided for in section seventeen (17) of this act, which shall make out a *prima facie* case for the commissioners, and all parties to said proceedings shall be permitted to present to said jury their case in person or by counsel, and offer any competent evidence as to the amount of benefits which any land in said district will receive by reason of said proposed work, or as to the damages to land taken or damaged thereby over which the right of way has not been obtained, and after such evidence shall be presented and argument of counsel heard, the court shall instruct them as to the law and form of their verdict."

Section 17*b* requires the jury to examine the lands and ascertain to the best of their ability and judgment the benefits and the damages, and to make out their verdict, in which shall be set down in proper columns the names of the land owners, the description of the premises and the amount of benefits assessed, if any, and the amount of damages allowed, if any, against each tract.

The assessment roll referred to in sections 17 and 17*a* is an altogether different thing from the assessment referred to in the act of 1885, before the making of which the commissioners were required to take the special oath prescribed in section 63. When that oath was required the commis-

sioners were given authority to make the assessment without the right to have it passed upon by a jury. When the act was revised in its present form all assessments were required to be made by a jury, and they were required to take an oath not substantially different from the oath required to be taken by the commissioners when they made the assessment. The roll authorized to be made by the commissioners by sections 17 and 17*a* is not an assessment, but is presented and filed as the commissioners' claim against the several land owners and tracts of land. The assessment is required to be made by a jury. The roll filed by the commissioners as their statement of claim is subject to dispute by any land owner and is not binding upon the jury if its correctness is disputed by testimony. True, it makes a *prima facie* case for the commissioners, but it does not become the assessment unless made so by the verdict of the jury. We are convinced that the object and purpose of making such assessment roll by the commissioners are for the convenience of the parties and the jury at the hearing on the confirmation, and it seems the requirement that the commissioners shall take an oath to make the assessment is no longer effective. Section 6 requires the commissioners, before entering upon the duties of their office, to take and subscribe an oath to faithfully discharge the duties of their office without favor or partiality, and there is no dispute that the commissioners of Hillview Drainage and Levee District took that oath.

When the authority to make the assessment in all cases was conferred upon a jury, the necessity for the special oath of the commissioners, required when the act authorized them to make the assessment, was repealed by implication. By the revisions of the act of 1885 a different method for making assessments was substituted for the method provided in that act. In *People* v. *Town of Thornton,* 186 Ill. 162, it was said: "Where the legislature frames a new statute upon a certain subject matter, and the legislative inten-

tion appears from the latter statute to be to frame a new scheme in relation to such subject matter and make a revision of the whole subject, there is, in effect, a legislative declaration that whatever is embraced in the new statute shall prevail and that whatever is excluded is discarded. The revision of the whole subject matter by the new statute evinces an intention to substitute the provisions of the new law for the old law upon the subject."

The judgment of the county court is affirmed.

*Judgment affirmed.*