(No. 11953.—Reversed and remanded.)

THE INLET SWAMP DRAINAGE DISTRICT, Appellee, *vs.*
LAURANT GEHANT, Appellant.

*Opinion filed June 20, 1918.*

1. DRAINAGE—*when figures in assessment roll need not be preceded by dollar mark.* Where the amounts of an assessment in the assessment roll are stated in figures in columns, according to the usual method of setting down dollars and cents but without the dollar mark, the omission of the dollar mark is not fatal where the figures are followed by a statement showing the aggregate amount of the assessment in dollars and cents.

2. SAME—*record need not show affirmatively that commissioners examined the land.* The assessment roll need not show that the commissioners went upon the land and examined it for the purpose of the assessment, as it is not necessary that the record affirmatively show that fact.

3. SAME—*the assessment roll does not constitute the assessment against lands.* The assessment roll in a levee drainage assessment is merely presented as a claim of the commissioners against the tracts of land assessed, and although it makes a *prima facie* case for the commissioners it does not become an assessment unless made so by the verdict of the jury.

4. SAME—*legality of estimate of cost as basis for assessment must be determined by court.* Where an assessment is levied before the work which it is to pay for has been done the assessment is necessarily based upon an estimate of the probable cost of the work, and all questions touching the legality of the estimate as a basis for an assessment are to be submitted to and determined by the court and are not for the jury.

5. SAME—*annexed lands may be assessed proportionately for original cost of work without reference to the former assessment.* Lands annexed to a drainage district under section 58 of the Levee act may be assessed for benefits and to pay their proportionate share of the original cost of work which has been completed, the amount collected being rebated proportionately to the lands originally assessed, and the assessment is to be made without reference to the former assessments.

6. SAME—*the court should find cost of work as the basis for assessment against annexed land.* The fact that the benefits to annexed lands are equal to the assessment is only one of the condi-

tions necessary to a valid assessment, which is further limited to a proportionate share of the cost of the work done, and the court should determine the cost of the work done and submit the same to the jury, so that it may determine the proportionate share of the amount which the annexed lands should. contribute.

APPEAL from the County Court of Lee county; the Hon. J. B. CRABTREE, Judge, presiding.

CLYDE SMITH, for appellant.

HENRY S. DIXON, GEORGE C. DIXON, RAY T. LUNEY, and GROVER W. GEHANT, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, the Inlet Swamp Drainage District, was organized in the year 1887 under the Levee act. On August 20, 1915, by order of the county court of Lee county 80 acres of land belonging to Henry F. Gehant and 215.26 owned by the appellant, Laurant Gehant, were annexed to the district. The work of the district was completed and there were nine assessments of the lands of the district, not including the annexed lands. On October 17, 1917, the commissioners filed in the county court an assessment roll against the annexed lands, under the heading of eighth and ninth assessments as to all the lands of the appellant and seventh assessment as to two of the tracts, and petitioned the court to cause a jury to be empaneled to make an assessment of benefits and damages against the lands described in the roll. The total assessment against all the lands of the appellant amounted to $1509.80. He filed objections both on legal grounds going to the validity of the proceeding and also on the ground that the assessment exceeded benefits and was in a greater amount than the proportionate share of the cost of the work and expenses of the proceed-

ing chargeable against each tract. A jury was empaneled and evidence given and a verdict was returned, by which the jury found that two tracts against which $544.86 had been assessed were not benefited and that the other tracts were benefited in amounts aggregating $964.94, which was two cents less than the assessment roll against those tracts, the difference being that one of the tracts which had been assessed $272.45 was assessed by the jury at $272.43, the other amounts corresponding exactly with the assessment roll. Judgment was entered on the verdict, and appeals having been allowed severally to the parties, the appellant prosecuted this appeal.

One of the legal objections to the proceeding was that in the commissioners' roll there was nothing in the columns where figures were given showing that they meant dollars and cents. The several amounts of the assessment were given in columns according to the usual method of setting down dollars and cents but there was no dollar mark. The figures were followed, however, by a statement showing the aggregate amount of the assessment in dollars and cents, and the court did not err in overruling that objection.

Another objection was that the roll did not show that the commissioners went upon the land and examined the same for the purpose of the assessment, but it is not necessary that the record should affirmatively show that fact. (*Fountain Creek Drainage District* v. *Smith,* 265 Ill. 138.) The assessment roll is merely presented as a claim of the commissioners against the tracts of land assessed, and although it makes a *prima facie* case for the commissioners it does not become an assessment unless made so by the verdict of the jury. *Hillview Drainage District* v. *Dowdall,* 276 Ill. 33.

An objection to the jury was interposed on the ground that it was selected to make the ninth assessment, but the objection was obviated by an amendment of the clerk's certificate, and there was no error in the ruling on that objection.

One of the legal objections was that the assessment roll was insufficient in failing to state what use was to be made of the money to be raised by the assessment,—whether it was for the purpose of requiring the annexed lands to contribute their proportion of the original cost of the work or for an additional assessment, or both,—and in failing to show, if the object was to compel contribution of their proportion of the cost, whether the improvement was completed, what the cost of the same was, and if not completed, what the estimated cost was. On the trial the commissioners offered in evidence their record of the order for the assessment and testimony as to the amount of previous assessments and the character of work done under them, and repeated objections were interposed that there had been no preliminary proof showing the cost of the work for their proportionate share of which the annexed lands were to be assessed, and that there was no evidence of such cost. The objections were overruled and witnesses gave a detailed description of what had been done, showing that a very large ditch had been constructed for five miles through solid rock, together with laterals and other work. The nine assessments which had been levied on the other lands aggregated $597,598, and the assessment roll contained columns for each of these assessments, but amounts only appeared in the seventh, eighth and ninth, as above stated. A bill of particulars was filed, specifying in eleven paragraphs various works of the district alleged to have benefited the annexed lands, and after the hearing an amendment to the assessment roll was filed, stating that the purpose of the assessment was to require the lands described in the roll to contribute their respective portions of the cost of the improvement, which was the aggregate of the amounts of the nine assessments theretofore levied, amounting to $597,598, and this was followed by a statement of the several amounts of the nine assessments. The roll as amended at the conclusion of the trial alleged that the cost was the aggregate

of the amounts of the nine assessments, but there was no evidence at any time of the cost of the drainage system. The only evidence was as to the amounts of the several assessments and that work had been done under them, even if that had been a proper matter for investigation or determination by the jury.

Where an assessment is levied before the work which it is to pay for has been done, the assessment is necessarily based upon an estimate of the probable cost of the work, and the statute so provides. All questions touching the legality of the estimate as a basis for an assessment are submitted to and determined by the court and are not for the jury, the only question submitted to the jury being the amount of benefits and damages and the proportionate share of cost. When lands are annexed to a district under section 58 of the act they may be assessed for benefits, and when the work has been completed, as in this case, they may be assessed to pay their proportionate share of the original cost of the work, and the amount collected is to be rebated proportionately to the lands originally assessed. (*Schafer* v. *Gerbers,* 234 Ill. 468.) The assessment is made without reference to any former assessment, and the purpose of the assessment is to require the annexed lands to contribute their just proportion of the original cost which has been fixed and determined. (*Kickapoo Drainage District* v. *Jackson,* 255 Ill. 504.) It is for the court to determine the cost of the work as a foundation for the assessment and submit the same to the jury, so that the proportionate share of that amount which the annexed lands should contribute according to benefits may be determined by the jury. The court recognized the fact that evidence of the amounts of the assessments was not evidence of the cost of the work by giving the fifth instruction, as follows:

"The court instructs you that evidence of the amount of any assessment levied by the drainage district is not evidence of the cost of the work done by it."

By another instruction the jury were advised that it was necessary for them to be able to determine from the evidence the cost and expense of the drainage work done by the district, and this instruction not only submitted to the jury a question with which they had no concern, but there was no evidence from which they could find, as a fact, the actual cost of the work.

The evidence on the question whether the lands of the appellant were benefited to the amount of the assessment was conflicting. Witnesses testifying for the commissioners gave opinions that they were benefited to that amount, and witnesses for the appellant testified that they were not benefited or not to the amount of the sums claimed by the commissioners in the assessment roll. The assessment made by the jury, which was identical with that of the commissioners except as to two tracts and the two cents, as above noted, was within the range of the testimony and the jury personally examined the lands. If the benefits were equal to the assessment that fact was only one of the conditions to a valid assessment. While an assessment could not exceed benefits, it was also further limited to the proportionate share of the cost of the work done. The benefits may, and generally do, very largely exceed the cost of drainage work, which furnishes a reason for land owners organizing drainage districts by which the value of their lands will be enhanced in excess of the cost. The verdict of the jury recited that after hearing the testimony of witnesses they examined the lands to ascertain the benefits and damages that had accrued to the same from the work of the district, and their verdict was based solely on their judgment as to the benefits received. There was no proper basis for a determination of the proportionate share of the cost of the work which should be contributed by the appellant's lands. The assessment roll had columns numbered for each of the nine assessments, all of which were blank except the seventh, eighth and ninth, and in those columns amounts were

set down as the share chargeable to appellant's lands, but the bill of particulars contained all of the nine assessments and evidence was given of the amount of each and the aggregate of all. According to the roll the lands were only chargeable with a proportionate share of the last three.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*