(No. 12083.—Judgment affirmed.)

THE KICKAPOO DRAINAGE DISTRICT, Defendant in Error,
*vs.* THE CITY OF MATTOON, Plaintiff in Error.

*Opinion filed June 20, 1918—Leave to file petition for rehearing
denied October 2, 1918.*

1. DRAINAGE—*boundaries of district need not be re-described in
notice to do additional work under section 37 of Levee act.* The
notice required by section 37 of the Levee act is the same notice,
in effect, as that provided for in section 3; but such notice need
only comply with section 3 in so far as section 3 is not inconsistent
with section 37 and need not re-describe the boundaries of the dis-
trict, which are settled prior to any proceeding under section 37.

2. SAME—*mandamus is proper remedy to collect drainage as-
sessment against city for benefits to streets.* A petition for *manda-
mus* to compel the payment of an assessment against a municipality
for public benefits to its streets and alleys levied by a drainage dis-
trict is a proper remedy to collect past-due installments of the
assessment, and is a collateral proceeding in the nature of an ap-
plication for a judgment and order of sale of property for delin-
quent assessments.

3. SAME—*assessment of benefits and damages is made by the
jury.* The commissioners' roll of assessments of benefits and dam-
ages is merely the claim of the commissioners against the property
owners named and the tracts of land described, and the jury may
reduce the assessment of one tract and add to another, so long as
it does not assess any one tract more than it is benefited or more
than its proportionate share of the cost of the work to be done.

4. SAME—*the jury may assess benefits against land not assessed
in commissioners' roll.* Although the commissioners conclude that
there is no benefit accruing to a particular tract of land and de-
scribe the land in the assessment roll with the indication that they
make no claim for benefits against it, the jury, under proper evi-
dence as to benefits overcoming the *prima facie* case made by the
commissioners' roll, may assess benefits to said land upon proper
notice to the owner and make a corresponding reduction as to the
other lands.

5. SAME—*when objection that assessment roll does not describe
streets and alleys benefited is waived.* Where a judgment of con-
firmation of a drainage assessment against a city for "public bene-
fits" clearly shows that it is for benefits to all of the streets and
alleys, the objections that the assessment roll does not describe the
streets and alleys benefited and that the evidence does not support

the judgment should be asserted on appeal or writ of error to review the judgment and are waived in a proceeding by *mandamus* to collect the assessment.

6. SAME—*district is not estopped by promise of commissioners that certain land will not be assessed.* The fact that the commissioners of a drainage district told an alderman of a city against which an assessment for public benefits has been confirmed after due notice, that its streets and alleys would not be benefited and would not be assessed, does not estop the district in a proceeding by *mandamus* to collect the assessment, as any such agreement by the commissioners is in contravention of the statute and void.

7. SAME—*when a judgment of confirmation cannot be attacked collaterally.* A judgment of confirmation of a levee drainage assessment cannot be attacked collaterally upon any ground not appearing from the record of the county court rendering the judgment or which might have been urged at the time the assessment roll was confirmed.

WRIT OF ERROR to the Circuit Court of Coles county; the Hon. JOHN H. MARSHALL, Judge, presiding.

RAYMOND G. REAL, for plaintiff in error.

EDWARD C. CRAIG, DONALD B. CRAIG, JAMES W. CRAIG, JR., and FRED H. KELLY, for defendant in error.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

Defendant in error, the Kickapoo Drainage District, on April 3, 1917, filed a petition for a writ of *mandamus* in the circuit court of Coles county against the city of Mattoon, in said county, praying that a peremptory writ be directed against the city, its mayor and council, commanding them to pay from funds in their hands past-due installments of an assessment levied by said district against the city. A general demurrer to the petition being overruled, four special pleas were filed, to which pleas the defendant in error filed a general demurrer. The demurrer was sustained, and the plaintiff in error having elected to stand by its four pleas, judgment was rendered against it and the

writ awarded. From that judgment this writ of error is prosecuted.

The petition by appropriate allegations set up the organization of the drainage district under the Levee act September 8, 1904; the confirmation of an assessment against the lands within the district on March 2, 1905; the levy of an additional assessment on May 8, 1905; the annexation of additional lands to said district from time to time and the construction of additional work therein; the issuance and payments of bonds; the proceedings on March 1, 1916, for authority to make certain repairs in said district and for the construction of additional drains and ditches at a cost of $13,000; the filing of the commissioners' assessment roll of benefits and damages on March 31, 1916, and the hearing thereon, resulting in an assessment against the city of Mattoon by the jury in the sum of $636 for "public benefits," and the order and judgment of the court confirming said assessment.

The first plea averred, in substance, that the county court, in the proceedings to levy the assessment, did not have jurisdiction of the plaintiff in error for the reason that it was not represented at any of the hearings held in said cause; that it had not entered its appearance in any of said proceedings; that the only method by which jurisdiction at the first hearing in said cause, to-wit, the hearing held on March 1, 1916, was attempted to be obtained upon plaintiff in error was by the publication of a notice of said hearing according to the provisions of sections 37 and 3 of the Levee act; and that the notice so published was not in accordance with the statutory requirements, in that it did not contain a description of the boundaries of the district.

Section 37 of the Levee act (Hurd's Stat. 1917, p. 1100,) provides that notice of a hearing upon a petition of the commissioners to do additional work in the district must be given by publication for two weeks "in the manner required by section 3 of this act." Section 3 provides that

the notice therein required shall state in what court the
petition is filed, the starting point, route, termini and gen-
eral description of the proposed work, the boundaries and
name of the proposed drainage district and at what term
of court a hearing will be asked on the petition.   Plaintiff
in error concedes that the notice attacked in this case con-
tained all the other elements mentioned in section 3 except
that it did not describe the boundaries of the district.   The
notice required by section 37 is the same notice, in effect,
as that provided in section 3.   (*Sny Island Drainage Dis-
trict* v. *Shaw,* 252 Ill. 142.)   But such notice need only
comply with section 3 in so far as section 3' is not incon-
sistent with section 37.   (*Stack* v. *People,* 217 Ill. 220.)
The words, "in the manner required by section 3 of this
act," can only mean in the manner required by section 3 in
so far as the provisions of that section are consistent with
the purposes of section 37.   The purpose of section 37 is
to enable the commissioners of a drainage district already
organized, with boundaries already established and well
known to all land owners of the district, to do additional
work, and the notice therein required is for the purpose of
informing the property owners or persons or municipalities
to be assessed, of the character of the additional work to
be done, the starting point, route and termini of the pro-
posed additional work if it consists of additional drains or
ditches, so the parties may know whether or not they de-
sire to file objections; and the notice should also state in
what court and at what term thereof the petition was filed
and at what time a hearing will be had on the petition,
so that any person desiring to object may know when and
where to appear.   Inasmuch as the boundaries of the dis-
trict must have already been settled and all matters in con-
nection therewith fully adjudicated prior to any proceedings
under section 37, no reason existed for re-describing such
boundaries in the notice of the application for leave to do
additional work.   The reason of the law is the spirit of the

law, and it cannot be said that the legislature intended to require of the commissioners an entirely useless statement to be contained in the notice, because the boundaries of the district and the organization thereof have long since been settled and have nothing to do with the questions subsequently arising. The notice given in this case complied with all the requirements of section 37 when properly construed, and conferred jurisdiction on the county court to hear and determine the questions raised on the petition for leave to do the additional work.

The defense raised by the second plea is that the county court had no jurisdiction to confirm the assessment against the city because the commissioners' roll of assessments of benefits and damages did not contain an assessment against the municipality or its streets and alleys. The third plea questions the jurisdiction of the court on the theory that no valid judgment could be rendered confirming an assessment made by the jury, whose verdict and assessment were not against the city for benefits to streets and alleys, as provided by law, but were against the city for "public benefits," which is not a description of any real estate owned by said municipality.

The commissioners' roll of assessments of benefits and damages showed the assessment in question as follows:

| Owner's name | Description of land | Tax levied | Balance due district |
|---|---|---|---|
| City of Mattoon | Public Benefits | 00 | 00 |

The verdict of the jury, upon which the judgment of confirmation was based, was in the exact words and figures as the above, except under the headings "Tax levied" and "Balance due district," in each of the columns where the figures "oo" appear in the commissioners' roll of assessments, the figures $636 appear in the jury's verdict. The words "public benefits" appear both in the commissioners' roll and the verdict. The judgment of confirmation, ac-

cording to the petition in this case, levied the assessment against the city of Mattoon for benefits to the streets and alleys of the city. The demurrer to these two pleas was properly sustained.

The petition for *mandamus* avers that a notice to property owners of the filing of the commissioners' roll of assessments of benefits and damages was given, and no question as to its sufficiency is raised. A *mandamus* case to compel the payment of an assessment against a municipality levied or assessed by a drainage district is a proper remedy to collect delinquent assessments and is in the nature of an application for a judgment and order of sale of property for delinquent assessments, and is therefore a collateral proceeding. (*Spring Creek Drainage District* v. *Elgin, Joliet and Eastern Railway Co.* 249 Ill. 260; *Commissioners of Highways* v. *Big Four Drainage District,* 207 id. 17.) The commissioners' roll of assessments of benefits and damages is not the assessment itself, but is merely the claim of the commissioners against the various property owners therein named and the tracts of land therein described. The assessment is required to be made by a jury. (*Hillview Drainage District* v. *Dowdall,* 276 Ill. 33.) It is within the power of the jury to reduce the assessment of one tract and add to another so long as it does not assess any one tract more than it is benefited or more than its proportionate share of the cost of the work to be done. (*Little Beaver Drainage District* v. *Livingston,* 270 Ill. 582.) Even if the commissioners had concluded that there was no benefit accruing to a particular tract of land of an owner in the district and had described the land in the assessment roll with the indication that they made no claim for benefits against it, still the jury would have the right to assess benefits to such land, provided the evidence overcomes the *prima facie* case made by the commissioners' roll, and to make a corresponding reduction as to other lands; and the owner of the tract of land so assessed against which no benefits had been claimed

would be bound thereby if he had been served with proper notice.

By the provisions of sections 17 and 55 of the Levee act it appears clear that it is the intention of the act that land owners shall pay their proportionate share of the cost of the improvement if their lands are benefited, and if the roads or streets and alleys of municipalities are specially benefited such municipalities shall pay their proportionate share of the cost, and that railroad corporations whose tracks or road-beds are benefited shall contribute their proportionate share of the cost, and that the commissioners shall apportion all such benefits in their assessment roll. The jury, on the trial, shall view the premises, including the roads, streets and alleys, and assess benefits according to the evidence and award damages if any are shown. So, although the commissioners may have concluded that any railroad or municipality was not benefited, as aforesaid, by the work or proposed work, the jury would have a right to assess benefits against such railroad or municipality upon a proper claim and showing by the other parties assessed for benefits that such railroad or municipality was, in fact, benefited. It is the right of every party assessed for benefits to have every other party benefited by the proposed work assessed his proportionate part of the benefits, and if this were not done the parties assessed for benefits would be required to pay more than their just proportion of the cost of the improvement. It is therefore no defense for the plaintiff in error that the commissioners in the first instance arrived at the conclusion that its streets and alleys were not benefited by the proposed work.

It is doubtless within the intent of sections 17 and 55 of the Levee act that the streets and alleys of municipalities claimed to be benefited should be described in the assessment roll and in the verdict of the jury for two obvious reasons: (1) In order that the jury "may view and examine such * * * streets and alleys and * * * proceed

to assess the damages and benefits," etc.; and (2) in order that the court may know whether the evidence supports the verdict showing such streets and alleys therein named to be benefited to the amount therein specified. But the judgment of confirmation in this case shows that the assessment was levied against the city for benefits to its streets and alleys, clearly indicating all the streets and alleys of the city. If the evidence in the record would not support such a judgment the error could have been taken advantage of on appeal or writ of error. If it be conceded that the statute contemplates that the streets and alleys shall be described in the assessment roll so that the city may be advised as to the character of evidence it may desire to introduce, such failure to do so is nothing more than a mere irregularity which could easily have been cured by amendment and can not be raised for the first time in this collateral proceeding. The streets and alleys are not to be assessed because they cannot be sold on a failure to pay the assessment, as other property. (*City of Joliet* v. *Spring Creek Drainage District, 222* Ill. 441.) The omission of the description of the streets and alleys in the assessment roll was not fatal, and such an objection will now be considered as waived and lost to plaintiff in error. In a proceeding to collect a drainage assessment confirmed under the Levee act no objection can be considered which might have been urged at the time the assessment roll was confirmed. *Commissioners of Highways* v. *Big Four Drainage District, supra.*

The fourth plea is a plea of estoppel, in which it is averred, in substance, that the commissioners told Ed F. Brown, an alderman of plaintiff in error, that said streets and alleys were not benefited by the proposed work and were not going to be assessed. Such a statement, if made, would not bind the district, as the district had no right to make such an agreement for reasons already disclosed in this opinion. An agreement of the commissioners of a drainage district with a party benefited by the proposed

improvement not to tax or assess him with such benefits is illegal and void, as being in contravention of the statute. (*Lake Fork Drainage District* v. *People*, 138 Ill. 87.) The plea made no showing that alderman Brown was authorized in any way to act for the city. The judgment of confirmation cannot be attacked collaterally upon any ground not appearing from the records of the county court rendering that judgment. *Commissioners of Highways* v. *Big Four Drainage District, supra.*

The judgment of the circuit court is affirmed.

*Judgment affirmed.*