THE SANGAMON AND DRUMMER DRAINAGE DISTRICT, Defendant in Error, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Plaintiff in Error.

*Opinion filed February 16, 1916—Rehearing denied April 7, 1916.*

DRAINAGE—*section 37 of Levee act requires all lands in district to be assessed.* Section 37 of the Levee act, which authorizes the drainage commissioners to petition for the levy of an additional assessment, contemplates a levy upon all the land of the district to enable each part to receive its proportionate benefit from the general system, and not a levy upon any part of the district less than the whole for the benefit of that particular part, as the latter condition is provided for by section 59 of said act, relating to the organization of sub-districts.

WRIT OF ERROR to the County Court of Champaign county; the Hon. ROY C. FREEMAN, Judge, presiding.

GREEN, JONES & PALMER, for plaintiff in error.

DOBBINS & DOBBINS, and PHILLIPS & SWANSON, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Sangamon and Drummer Drainage District in the counties of Champaign and Ford filed a petition in the county court of Champaign county on February 4, 1915, setting forth that the main ditch of the district had been constructed in accordance with the order of the court, and

representing that certain lands within the district, located mostly within the corporate limits of the city of Gibson, a city of over two thousand inhabitants, needed additional drainage; that the cost of constructing the additional work was estimated at $38,273.96; that certain described lands would be benefited by the work, and praying for an order authorizing the construction of the work and the assessment of the costs upon the lands described as benefited thereby, including streets and alleys. The proceeding resulted in an order of the county court confirming a special assessment of the estimated amount upon the lands described, including the property of the Illinois Central Railroad Company, which had appeared and objected to the assessment and has sued out a writ of error to reverse the order of confirmation.

It will only be necessary to consider the first objection, which was that the additional assessment was proposed to be made, not upon all the lands within the drainage district, but only upon a certain portion of said lands described in the petition.

The drainage district was organized under the Levee act, section 37 of which authorizes the commissioners to petition the court for the levy of an additional assessment "on the land within any district when it shall appear to the court that the previous assessment or assessments have been expended, or are inadequate to complete such work, or are necessary for maintenance or repair, or when it shall become necessary for the construction of one or more pumping plants, or other additional work, or the completion of any work already commenced within any drainage district to insure the protection or drainage of the lands in said district, under the direction and order of the court, or to pay obligations incurred for the current expenses of said district or in the keeping in repair and protection of the work of such district." The object of the additional levy authorized by this section is to enable the commissioners of the district to furnish drainage to the lands of the district

according to a plan which shall bring to all the lands in the district benefits in proportion to the amount paid. It contemplates a levy upon all the land of the district to enable each part to receive its proportionate share of the benefit of the general system, but not a levy upon any part of the district less than the whole for the benefit of that particular part. The latter case is provided for by section 59 of the act, which is in part as follows:

"Sec. 59. If, after an assessment of lands throughout the district has been made for the purpose of constructing drains or ditches, or enlarging or repairing the main drains or ditches of said district, according to the profiles, plans and specifications of the commissioners, as reported and confirmed, there remain lands in particular localities in said district, which are in need of more minute and complete drainage, and it shall appear to the commissioners that, in their judgment, additional ditches, drains, outlets, levees, pumping plants or other work are needed, in order to afford more complete drainage, they may prepare a special report as hereinafter provided and file the same and organize a sub-district in the manner hereinafter set forth without the necessity of a petition of the land owners therefor: *Provided,* that no sub-district organized upon the petition or report of the commissioners shall include territory embraced within the corporate limits of any city, village, or incorporated town, unless, however, the proposition whether said territory shall be so embraced shall have been submitted to the legal voters residing within said territory and said proposition shall have received favorably a majority of the votes cast at an election called for that purpose by the commissioners and held within said territory."

The petition of the drainage district and the proceedings under it did not conform to the requirements of this section.

The order confirming the assessment upon the property of plaintiff in error was erroneous, and it will be reversed.

*Order reversed.*