(No. 11182.—Reversed and remanded.)

THE PEOPLE *ex rel.* Claude L. King, County Collector, Appellant, *vs.* GEORGE M. LEONARD *et al.* Appellees.

*Opinion filed June 21, 1917.*

1. DRAINAGE—*reversal of a judgment of confirmation does not affect the judgment as to other property.* The reversal of a judgment of confirmation on writ of error by one property owner does not affect an application for judgment and order of sale for the second installment of the assessment against the property of other owners, and the judgment of confirmation, unless void for want of jurisdiction, remains in full force against the other property and is a sufficient basis for a judgment and order of sale against it.

2. SAME—*levy of an assessment upon a part of district cannot be sustained under section 37 of the Levee act.* The levy of an assessment upon a part of a drainage district for the benefit of that particular part cannot be sustained under section 37 of the Levee act, as such assessment must be made by the formation of a sub-district under section 59.

3. SAME—*court is not without jurisdiction because petition for assessment upon part of district is filed under section 37 of Levee act.* The county court, having jurisdiction of the general subject of assessments upon the lands of a drainage district, is not without jurisdiction because a petition for an assessment upon a part of the district for the benefit of that particular part is filed under section 37 of the Levee act instead of under section 59, relating to sub-districts, and the judgment of confirmation, though erroneous, is not subject to collateral attack on the application of the collector for judgment and order of sale.

FARMER, J., dissenting.

APPEAL from the County Court of Ford county; the Hon. M. L. McQUISTON, Judge, presiding.

DOBBINS & DOBBINS, and PHILLIPS & SWANSON, for appellant.

SCHNEIDER & SCHNEIDER, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Sangamon and Drummer Drainage District of the counties of Champaign and Ford was organized in the county court of Champaign county under the Levee act. In February, 1915, the commissioners filed a petition in that court representing that the main ditch had been constructed in accordance with the order of the court, and that certain lands within the district, located mostly within the corporate limits of the town of Gibson City, a city of over 2000 inhabitants, needed additional drainage; that the cost of constructing the additional work was estimated at $38,-273.96; that certain described lands within the district would be benefited by the work, and praying for an order authorizing the construction of the work and the assessment of the cost against the lands described as benefited thereby, including streets and alleys. The proceedings resulted in an order of the county court confirming the special assessment upon the lands described. The Illinois Central Railroad Company, whose property had been assessed, prosecuted a writ of error, and the judgment of confirmation was reversed and a rehearing was denied at the April term, 1916. (*Sangamon and Drummer Drainage District v. Illinois Central Railroad Co.* 272 Ill. 374.) At the June term, 1916, of the county court of Ford county the collector of that county applied for judgment for the second installment of the special assessment against the property of the appellees which had been assessed. The appellees objected upon the ground that the county court of Cham-

paign county was without jurisdiction to confirm the assessment and that its order was therefore void. The court sustained the objections and entered an order denying the application for judgment, from which appellant appealed.

The order of confirmation of the assessment was erroneous, but it was not affected, so far as appellees' property was concerned, by the judgment of reversal in the case of the Illinois Central Railroad Company. The judgment remains in full force against their property and was sufficient basis for rendering a judgment against it unless it was void for want of jurisdiction in the court to render it.

Section 59 of the Levee act provides for the formation of sub-districts from lands in particular localities in a drainage district which are in need of more minute and complete drainage and for the levy of a special assessment of benefits and damages upon the lands of the sub-districts so formed, arising from the construction of the additional ditches, drains, outlets and other works required for such more minute and complete drainage. The petition filed by the commissioners, however, did not ask for the formation of a sub-district or state that any lands in particular localities were in need of more minute and complete drainage, neither did it, nor the proceedings under it, conform to the requirements of section 59. It did not on its face purport to be filed under section 59 or refer to that section. On the contrary, it prayed that the cost of the proposed additional drainage should be paid by special assessment upon the lands described in the petition as provided by the Levee act, and for other relief as provided by the act and in accordance with section 37 thereof. Under section 37 jurisdiction is given to the county court over assessments on land within the district. It authorizes the levy of an additional assessment on the petition of the commissioners, "on the land within any district when it shall appear to the court that the previous assessment or assessments have been expended or are inadequate to complete such work, or

279 — 11

are necessary for maintenance or repair, or when it shall become necessary for the construction of one or more pumping plants, or other additional work, or the completion of any work already commenced within any drainage district to insure the protection or drainage of the lands in said district, under the direction and order of the court." We said in the case of *Sangamon and Drummer Drainage District* v. *Illinois Central Railroad Co., supra:* "The object of the additional levy authorized by this section is to enable the commissioners of the district to furnish drainage to the lands of the district according to a plan which shall bring to all the lands in the district benefits in proportion to the amount paid. It contemplates a levy upon all the land of the district to enable each part to receive its proportionate share of the benefit of the general system, but not a levy upon any part of the district less than the whole for the benefit of that particular part." Therefore the levy of an assessment upon a part of the district for the benefit of that particular part could not be sustained under this section. But it does not follow that the court was without jurisdiction to make any order. The petition purported to be filed under section 37. The court had jurisdiction of the general subject of assessments upon lands of the district for additional work or the completion of any work already commenced within any drainage district to insure the protection or drainage of the lands in the district. The petition for such an assessment gave it jurisdiction over the particular case. The petition asked for an order which it was erroneous for the court to make, but the general subject was within the jurisdiction of the court. Its order, therefore, however erroneous, was not subject to collateral attack. The remedy of the appellees was a writ of error. They cannot avail of the error on an application for judgment against their lands for the installments of the special assessments,

The judgment is reversed and the cause remanded to the county court, with directions to overrule the objections.

*Reversed and remanded, with directions.*

Mr. JUSTICE FARMER, dissenting: In my opinion the assessment was unauthorized by either section 37 or section 59, was wholly void, and the judgment of the county court should have been affirmed.