(No. 12030.—Judgment affirmed.)

WILLIAM F. FREESEN *et al.* Plaintiffs in Error, *vs.* THE SCOTT COUNTY DRAINAGE AND LEVEE DISTRICT, Defendant in Error.

*Opinion filed April 17, 1918—Rehearing denied June 7, 1918.*

1. DRAINAGE—*when proceeding for improvement is under section 37 of Levee act.* Where the improvement contemplated in a levee drainage district is of a general nature and is for the benefit of all the lands in the district the proceedings are properly instituted under section 37 of the Levee act and not under section 59, providing for the organization of sub-districts, although additional lands are taken into the district in completing the improvement.

2. SAME—*entry of general appearance is a waiver of objection to jurisdiction of person.* The entry of a general appearance is a waiver of any benefits obtained by a previous special appearance, and where an objector appears both at the hearing on the petition to levy the assessment and at the hearing of the application for confirmation and contests the matters on their merits, he cannot, on writ of error to review the judgment of confirmation, raise the question of want of notice of the hearing to levy the assessment.

3. SAME—*when objector cannot raise objections peculiar to the owners of annexed land.* One objecting to an assessment for a drainage improvement, which includes the annexation of land to the district, cannot raise objections peculiar to the owners of the annexed land, where his own land is in the original district and is benefited rather than prejudiced by the alleged erroneous rulings.

4. SAME—*when previous assessment rolls are admissible on application for confirmation.* On application for confirmation of the assessment roll for an additional improvement, which includes the annexation of land to a levee drainage district, previous assessment rolls are admissible to enable the jury to consider any bene-

fits to the annexed lands from the previous improvements and assess them accordingly and to determine whether the aggregate of the previous and additional assessments exceeds the benefits to any tract of land, but not to attempt to equalize the former assessments on the lands of the original district.

5. SAME—*value of assessment roll as evidence.* On application for confirmation of the assessment roll in a levee drainage district the assessment roll makes a *prima facie* case for the district in the first instance, but as soon as it is overcome by other evidence it loses its probative force, although it is still competent to be considered by the jury, in connection with all the other evidence in the case, for what it is worth.

6. SAME—*in estimating benefits the improvement must be considered as a whole.* On application for confirmation of the assessment roll in a levee drainage district, the improvement, and the effect thereof as to benefits on each tract of land in the district, must be considered as a whole, and not as to whether some part of the improvement or one of the different proposed ditches will or will not benefit some particular tract.

7. APPEALS AND ERRORS—*suing out of writ of error is bringing a new suit.* The suing out of a writ of error is the bringing of a new suit, and the assignment of error on the record is the pleading of the party bringing the cause up for review and takes the place of a declaration in an action at law.

8. SAME—*judgment is final as to those who do not assign error.* No errors will be considered but those assigned and a judgment will not be disturbed as to those who do not assign error.

9. INSTRUCTIONS—*when it is not reversible error to refuse proper instructions.* Where the issues in a case are simple and the jury are fully instructed as to the law it is not reversible error to refuse further instructions, even though they correctly state the principles of law involved.

WRIT OF ERROR to the County Court of Scott county; the Hon. F. C. FUNK, Judge, presiding.

A. G. CRAWFORD, and WILLIAM & BARRY MUMFORD, for plaintiffs in error.

J. M. RIGGS, and ANDERSON & MATTHEWS, for defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

The defendant in error, the Scott County Drainage and Levee District, was organized on May 3, 1909, under the Levee act, as a drainage district, in the county court of Scott county. It embraces approximately 9000 acres of bottom lands in that county lying south of Mauvaisterre creek, a tributary of the Illinois river, and between the bluffs bordering the Illinois river valley on the east and the Illinois river on the west. The original plan contemplated the construction of a levee along the east bank of the Illinois river on the west line of the drainage district, and another levee a short distance along the south bank of Mauvaisterre creek on the north. In addition to the construction of levees the plan provided for one main and two lateral ditches and a pumping station. The system was designed to protect the lands in the district from overflow and afford a complete and adequate system of drainage for all the lands of the district. The original estimated cost of the improvement was $178,237.84, which proved insufficient, and subsequently an assessment of $40,040.38 was levied, making the total cost of the improvement $218,278.22. It was subsequently discovered that the improvement as constructed did not afford adequate drainage for a large portion of the lands in the district, and on February 10, 1916, two of the commissioners filed their petition in the county court of Scott county alleging that the system of drainage as provided did not afford sufficient and proper drainage for all the lands in the district; that there should be made some five open ditches and one tile drain which were not but should have been planned and included in the original work, and that each and all of the proposed new ditches were necessary for the drainage of the lands of the district. A hearing was had on the petition March 17, 1916, and an order was entered granting the prayer of the petition and finding that the lands were not properly and sufficiently drained; that there should

be made five new open ditches and one tile drain which were not but should have been planned and included in the original work of the district in order to furnish adequate and fair drainage for the lands of the district, and that the benefits to accrue to the lands of the district from such improvement would exceed its total cost, and ordering that the commissioners proceed to levy an assessment of $40,150 for the purpose of making such improvement. On August 16, 1916, before the assessment in question was spread, the commissioners, deeming that other lands than those included within the district would be benefited by the proposed improvement, filed their petition in said court for the annexation of about 1000 acres of land lying outside and immediately north of the district and south of Mauvaisterre creek. A hearing was had on this petition at the following September term of court and an order entered annexing such lands, and directing that the assessment theretofore ordered be spread upon all of the lands of the district, including those annexed. Thereafter the commissioners proceeded to spread the assessment in accordance with the direction of the court, and the cause came on for hearing before the court and jury on the application for the confirmation of the assessment roll. A trial was had and a verdict returned by the jury making some slight changes in the assessment roll as made by the commissioners, and judgment was entered on the verdict approving and confirming the assessment roll as changed by the jury. This writ of error has been sued out to review such judgment of the county court.

The proceedings for this assessment were instituted under section 37 of the Levee act. Plaintiffs in error insist that this was erroneous and that the proceedings must be had under section 59 of that act, which provides for the organization of sub-districts. As originally constructed, the main ditch, which is designated as ditch No. 3, intersects the levee along the east bank of the Illinois river about two

miles north of the south end of the district, extends east approximately three miles, then north about half a mile and east a quarter of a mile. Lateral ditch No. 1 intersects the main ditch about half a mile from its outlet and extends in a southeasterly direction about three miles, and lateral ditch No. 2 intersects the main ditch about a mile from its outlet and extends north approximately three and a half miles. A pumping station was constructed a short distance from the point where the three ditches converge. The new ditches it is proposed to construct are located as follows: Ditch No. 4 intersects lateral No. 2 about two and a quarter miles north of the main ditch and extends east about two miles. Ditch No. 5 intersects ditch No. 4 about a mile east of lateral No. 2 and extends north three-quarters of a mile. Ditch No. 6 intersects main ditch No. 3 opposite the mouth of ditch No. 1 and extends in a northeasterly direction about two and a quarter miles. Ditch No. 7 intersects this ditch about three-quarters of a mile south of its north terminus and extends west half a mile. Ditch No. 8 intersects lateral No. 1 about one-half a mile south of the main ditch and extends east parallel with the main ditch about one and a half miles.

From the foregoing statement of the location of the ditches it will be seen that the new ditches proposed to be constructed drain no particular tract or tracts or locality in the district but are designed to drain the lands generally of the district. The plan is one for the whole district, and of a character which could not well be made by the organization of sub-districts. The plan of drainage contemplated by section 37 of the Levee act is entirely separate and distinct from that contemplated by section 59. Proceedings under section 37 are appropriate wherever the contemplated improvement is necessary for the adequate drainage of the whole district and is intended for that purpose, and the section provides for the construction of an improvement of such general character that it should have been included in

and made a part of the original improvement. Section 59 was intended to provide for the organization of sub-districts whenever it appeared that some portions, only, of the lands in the district are not sufficiently drained by reason of the peculiar location and situation of the lands which are thus in need of more minute and particular drainage. (*Sangamon and Drummer Drainage District* v. *Illinois Central Railroad Co.* 272 Ill. 374.) In this case the improvement contemplated being of a general nature and apparently of benefit to all the lands in the district, the proceedings were properly instituted under section 37 of that act.

It is to be observed that one of the contested questions of fact on the trial was as to whether or not all of the lands in the district or just those which were adjacent to the proposed new ditches would be benefited by the improvement. Each side introduced testimony upon this question, and there is some conflict in the evidence as to whether or not the proposed improvement will be a general benefit to each tract of land in the district. This question was submitted to the jury under proper instructions as to their duty in making up the assessment roll, and they have found by their verdict that each piece of property in the district will receive some benefit and have re-cast the assessment roll in accordance with such finding. The verdict of the jury has been approved by the trial court, and we are unable to say from a review of the evidence that the conclusion reached by them is so contrary to the great weight of the evidence as to justify a reversal of their finding in this court.

For the above reasons we think the point made that the proceedings should have been under section 59 instead of section 37 is not well taken.

It is further insisted that the court should have dismissed the proceedings for want of jurisdiction of the persons of the land owners. This contention is based upon an alleged insufficiency of the notices given of the hearing of the petition in the county court for leave to levy the assess-

ment on the lands of the district for the purpose of providing funds with which to construct the proposed improvement. The point made is that the notices do not describe the starting points, routes and termini of the proposed new ditches. With respect to this matter the notices state: "The proposed new open ditches and the proposed new tile drain are shown and described and the details of estimated cost thereof fully appear in said petition and the several exhibits filed in said court therewith, and the proposed new levee, with the starting point, course and termini thereof, is described as follows," (fully describing the same.) It is not claimed the description in the petition is insufficient or that the description of the levee in the notice is insufficient. Section 37 of the Levee act provides that notice of the hearing shall be given in the manner required by section 3 of the act. Section 3 provides that three weeks' notice shall be given by posting notices at the court house of the county in which the district is located and in at least ten other public places in said proposed district, and by publishing at least once a week for three consecutive weeks in some newspaper published in the county in which the district is located, and that such notice shall state when and in what court the petition was filed, "the starting point, route, termini and general description of the proposed work," the boundaries and name of the proposed drainage. district, at what term of said court the petitioners are asking a hearing, provided that "it shall not invalidate said notice if no description of drains or ditches is given therein." When the matter came on for hearing plaintiff in error Freesen and certain other land owners appeared specially and moved to dismiss the proceedings for want of sufficient notice. The motion was denied, whereupon Freesen and some of the other land owners entered their general appearance and contested the matter on its merits. At the conclusion of the hearing the court granted the petition and ordered the assessment spread. When the matter came on for hearing on the application

for confirmation of the assessment roll Freesen and certain other land owners filed objections to such application, urging as grounds therefor, among other things, that the court was without jurisdiction to confirm the assessment roll for the reason that it had no jurisdiction of the persons of the objectors, nor, in the first instance, to authorize the assessment to be spread. These objections were overruled and a hearing was had on the merits of the assessment spread as above stated. It is now urged that the court erred in not dismissing the original proceedings for want of sufficient notice, as required by section 3 of the act, on the hearing on the petition for leave to levy the assessment.

In our judgment the record is not in such shape as to preserve this question for review. As a general rule, where a person appears generally and goes to trial on the merits and submits himself to the jurisdiction of the court he waives whatever benefit he might have gained by the entry of his previous special appearance. In other words, the entry of the general appearance is a waiver of the special appearance. The record in this case shows that plaintiff in error Freesen appeared at both hearings and contested the matters on their merits. He cannot now be heard to raise the question of jurisdiction, and so far as the record shows he is the only one who has assigned error in this court. In this respect the record shows as follows: "Scott County Levee and Drainage District, defendant in error, *vs.* William F. Freesen *et al.* plaintiffs in error: And now the plaintiffs in error, William F. Freesen *et al.* by A. C. Crawford and William and Barry Mumford, their attorneys, show here to the court that the records and proceedings contain manifest error," etc., but it fails to designate who any of the other plaintiffs in error are. The suing out of a writ of error is the bringing of a new suit. (*McIntyre* v. *Sholty*, 139 Ill. 171.) The assignment of error on the record is the pleading of the party bringing the cause here for review and takes the place of a declaration in an action at law. (*Willis-*

*ton* v. *Fisher,* 28 Ill. 43; *Ditch* v. *Sennott,* 116 id. 288; *Cass* v. *Duncan,* 260 id. 228; *Davis* v. *Lang,* 153 id. 175.) The rule is inflexible that no errors will be considered but those assigned and that a judgment will not be disturbed as to those who do not assign error. (*Ditch* v. *Sennott, supra; Village of East Peoria* v. *Lake Erie and Western Railroad Co.* 237 Ill. 93; *Hardin* v. *Shedd,* 177 id. 123.) So far as the record shows, Freesen is the only person who has assigned error in this court, and as he is not in position to urge such rulings as error the objection cannot be considered at this time.

It is next insisted that the court erred in ordering the assessment spread not only upon the lands originally included in the district but also upon the lands which are annexed to the district by the proceedings had at the September term of the court, by which approximately 1000 acres of land were added to the district. It is not claimed that plaintiffs in error or any of the owners of land in the original district were in any manner injured or prejudiced by such proceedings, and it further appears that the assessment upon their lands was, in fact, reduced by reason of spreading the assessment over the larger area of lands composing the district at the time the assessment was spread. Section 58, *supra,* under which the annexation proceedings were had, provides that the assessment of benefits against the lands so added may be made at any time the commissioners deem proper, and that the assessment roll shall be filed and recorded as in other cases, or such lands may be assessed when all lands throughout the district are assessed. In this instance the commissioners followed the latter course and assessed the lands annexed at the same time the assessment was made against all of the other lands in the district, as is authorized by said section. Under the proceedings had at the March term under section 37 of the act, the court authorized the improvement to be made and directed that the assessment should be spread on the lands of the district.

At the time the assessment was spread the additional lands which had been annexed to the district then constituted a part of it, and the assessment was properly spread against such lands. The only persons who could be in any manner injured by that procedure would be those whose lands were annexed subsequent to the proceedings authorizing the improvement, and who had no opportunity to appear at the original proceedings in which the assessment was authorized and contest that question upon the merits. None of the persons, however, who are owners of the lands annexed are appearing here or complaining of the assessment of their lands at the same time the other lands in the district were assessed, and plaintiffs in error cannot be heard to raise such objection for them. *Chicago, Milwaukee and St. Paul Railway Co.* v. *Public Utilities Com.* 267 Ill. 544.

It is further insisted it was error to admit in evidence the previous assessment rolls of the district. In spreading the assessment against the annexed lands it was the duty of the jury to take into consideration any benefits that the lands had received from the previous improvement and assess them accordingly. (*Schafer* v. *Gerbers,* 234 Ill. 468.) For this purpose the previous assessment rolls were properly admitted in evidence. By the sixth instruction given for defendant in error the jury were told they were not to consider such assessment rolls on the question of the amount of benefits which should be assessed against any tract or tracts of land, but that they were admitted and should be considered on the question of the assessment which should be made, if any, against the lands recently annexed for work previously done, and on the question as to whether the aggregate of the present and former assessments of any tract or tracts exceeded the total benefits to such tract or tracts from the improvement. Thus limited we think the former assessment rolls were properly admissible in evidence.

It is further insisted it was error to admit in evidence testimony tending to show that some of the lands which

283 – 35

had been assessed on the previous assessment rolls had received practically no benefit from the improvement, thus inviting the jury to equalize the previous assessment as to those lands on the new assessment roll; also error to give the fifth instruction, which told the jury that if they found that the owners of comparatively large bodies of land in the district which had been assessed on the previous assessment had paid for drainage which they had not received and were without ample drainage and have assisted in paying for ample drainage of other lands in the district, they should take all those matters into consideration in deciding what assessment, if any, should be placed upon each piece or parcel of land in the district, and in assessing each piece or parcel of land in the district they should not place upon any parcel a greater amount than it would be benefited by the proposed improvement nor more than its fair and proportionate share of the aggregate of the assessments they shall make on all of the lands in the district.

It is undoubtedly true, as suggested by defendant in error, that it often happens, in making up an assessment roll on a speculative basis, that some one or more tracts in the district do not receive the amount of benefit it was anticipated they would receive from the improvement at the time the assessment was spread. Still, we know of no authority which permits an equalization of such prior assessment on the spreading of the second assessment for a new or additional improvement. The first part of the instruction is not an accurate statement of the law, and as modified by the latter part is to a degree contradictory and confusing. Section 37, *supra,* contemplates the making of a new assessment roll of the lands in the district for the purpose of such proposed improvement, and the testimony introduced and the instructions given should have been limited to the question of benefits accruing to the several tracts of land in the district from such improvement. (*Inlet Drainage District v. Anderson,* 257 Ill. 214.) The jury, however, were told

in the other instructions, including the first, second, third and fourth given at the instance of plaintiffs in error, that in spreading the present assessment on the original lands of the district they were not at liberty to take into consideration any benefits from any prior work done in the district except to determine whether any tract is assessed more than it will be benefited, but were limited to the benefits which will result from the work proposed in this proceeding to the exclusion of all former work, and that they were not to take into consideration the amount of any special assessment theretofore made against said lands but should consider the present assessment, only, without regard to prior assessments. The law was stated so plainly in these instructions that there could be no doubt in the minds of the jury as to their duty in the premises, and we think the assessment roll returned by them shows that they were not misled by the evidence introduced and the instruction complained of. The roll shows that they made practically no changes in the assessments returned against the lands in the original district but did make some changes reducing the assessments against the lands recently annexed to the district. On the whole record the assessment appears just, and we think the errors complained of are not sufficient to warrant a reversal of the judgment.

The first and third instructions given at the instance of defendant in error are also complained of. By the first instruction the jury were told, in substance, that the commissioners' assessment roll of benefits and annual benefits had been admitted in evidence and that said assessment roll made out a *prima facie* case, which means said assessment roll should prevail unless it has been successfully overcome by other evidence in the case. By the third instruction, after repeating the proposition as to a *prima facie* case as stated in the first instruction, the jury were told that notwithstanding other evidence had been introduced tending to overcome the correctness of said assessment roll or to

destroy the same as evidence, they should still consider such assessment roll as evidence, together with all other evidence introduced, including their own personal view of the lands in said drainage and levee district. The criticism made of these instructions is that they inform the jury that the commissioners' roll of assessments is lawful evidence, and that, even if evidence was introduced by the land owners. which overcame its correctness, they were still to consider such assessment roll as evidence. Under the law the assessment roll, in the first instance, is deemed correct and is sufficient to make out a *prima facie* case, and it was proper to so tell the jury, but after the *prima facie* correctness of the same had been overcome by other evidence it lost its probative force but was still competent to be considered by the jury, in connection with all of the other evidence in the case, for what it was worth. The instructions in the form in which they were given are fully as favorable to the defendant in error as the circumstances warranted, but they are not erroneous. In *Lovell* v. *Sny Island Drainage District,* 159 Ill. 188, it was held that an instruction was not erroneous which told the jury that the assessment roll was *prima facie* evidence to sustain the assessment, and, the assessment roll being in evidence, the burden of proof was shifted upon the objectors to establish, by a preponderance of the evidence, either that the tracts of land assessed would not be benefited to the amount assessed against them, respectively, or were assessed for benefits in greater amounts than their proportionate share, etc. In the same case it was held that it was proper to refuse an instruction to the effect that while the assessment roll was *prima facie* evidence of the correctness of the assessment, yet that simply meant that if no evidence whatever was offered on the part of the objectors then the presumption would be that such assessment was correct, but that if evidence was offered by the parties upon the issues in regard to its correctness, then the jury should not be influenced by such assessment roll but

should base their verdict upon the evidence so introduced, following *Briggs & Frith* v. *Drainage District,* 140 Ill. 53. By the third and ninth instructions given on behalf of the owners of the annexed lands the jury were fully and properly instructed as to the effect of the assessment roll as *prima facie* evidence.

Complaint is also made of the refusal to give instructions from 1 to 10, inclusive, offered by plaintiffs in error. The substance of these instructions, except the ninth, was covered by other instructions given by the court. Twenty-seven instructions in all were given by the court,—six on behalf of the drainage district, six for the objectors who were land owners of the original district and fifteen for the owners of the lands annexed. It was unnecessary to repeat the propositions announced in other instructions over and over. Where the issues in a case are simple and the jury are freely and fully instructed as to the law it is not reversible error to refuse further instructions, even though they correctly state the principles of law. *Asmossen* v. *Swift & Co.* 243 Ill. 93.

The ninth refused instruction submitted six special interrogatories to the jury, in which they were asked whether they found that certain localities in the district needed more particular and minute drainage, and whether the proposed ditches (naming them) were a benefit to any portion of the district except that in which the particular ditch was located. The instruction was bad, for the reason that the improvement and the effect thereof as to benefits on each tract of land in the district must be considered as a whole, and not whether some part of the improvement or one of the different proposed ditches would or would not benefit some particular tract.

Perceiving no reversible error the judgment of the county court of Scott county will be affirmed.

*Judgment affirmed.*