(No. 12516.—Judgment affirmed.)
THE INLET SWAMP DRAINAGE DISTRICT, Appellee, *vs.*
LAURENT GEHANT *et al.* Appellants.

*Opinion filed February 20, 1919.*

1. DRAINAGE—*petition, and not the assessment roll, should state purpose of assessment.* In a proceeding to levy a drainage assessment it is the province of the petition to state the nature and character of the work to be done and the purpose for which the money is to be raised and used, and the drainage statute does not require that the assessment roll shall state the purpose for which the assessment is to be made.

2. SAME—*when the Supreme Court will not interfere with verdict and judgment.* In a proceeding to levy a drainage assessment, where the evidence is conflicting on the questions whether the property is assessed more than it is benefited and whether it is assessed more than its proportionate share of the entire cost, the Supreme Court will not interfere with the verdict of the jury and the judgment of the trial court unless clearly against the weight of the evidence.

3. SAME—*what issues are submitted to jury in a proceeding to levy a drainage assessment.* In a proceeding to levy a drainage assessment the questions whether the property is assessed more than it is benefited and whether it is assessed more than its proportionate share of the cost of the entire improvement are the only issues to be submitted to the jury.

4. SAME—*what instructions should be refused.* In a proceeding to levy a drainage assessment, instructions which are argumentative in form and not accurate as to the facts stated are properly refused.

APPEAL from the County Court of Lee county; the Hon. JOHN B. CRABTREE, Judge, presiding.

CLYDE SMITH, for appellants.

GROVER W. GEHANT, and H. A. BROOKS, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a proceeding in the county court of Lee county to levy a drainage assessment upon the lands of appellants within the present limits of Inlet Swamp Drainage District.

Appellants' lands were not included on the organization of the district but were annexed in 1915. This was the tenth assessment levied upon the lands of the district for the said improvement. The appellants' lands had not been assessed in any of the previous nine assessments. About 440 acres of the land of appellant Laurent Gehant was assessed $247.20 in this tenth assessment, while appellant Henry F. Gehant had 120 acres of land assessed $83.79. On the hearing before a jury in the trial court a verdict was rendered that the lands were benefited the amount they were assessed and judgment was rendered on said verdict, from which this appeal was taken to this court.

The petition in this proceeding stated that it was sought to complete the improvement of the ditches and drains under construction in said district, deepen and widen others and to perform additional work therein. The petition stated the particular ditches and drains and work upon which the previous assessment was levied and the amounts desired and asked for such work and the different items therein, stating further that it was the purpose of this assessment to complete and carry on the work of the drainage district as thus described; also alleged that the benefits to the lands assessed would exceed all of the assessments theretofore made and the additional assessment required in this proceeding. An assessment roll was thereafter filed in said proceeding in accordance with the provisions of the petition. Appellants filed objections to said roll so far as it related to their lands. These objections were overruled by the court and a jury trial thereafter held. It does not appear that any evidence was taken on the hearing upon the legal objections before the court.

Counsel for appellants objects that the assessment roll does not state the purpose for which the assessment was made. It is the province of the petition in this kind of proceeding to state the nature and character of the work to be done and the purpose for which the money is to be

raised and used. (*Schafer* v. *Gerbers,* 234 Ill. 468; *Iroquois and Crescent Drainage District* v. *Harroun,* 222 id. 489.) There is nothing in the drainage statute, as we construe it, which would indicate that the assessment roll should state the purpose for which the assessment is to be made. If the purpose of the assessment is clearly set out in the petition that is all the statute requires. The petition in this proceeding, as well as the order of court, shows clearly the purpose of the assessment, and there is no merit in the argument of counsel that the proceedings were defective because the assessment roll failed to so state.

It is further argued by counsel for appellants that the lands were already supplied with sufficient drainage and should not be assessed merely for the reason that the surface water would be drained off more quickly by means of this improvement than if the improvement were not made. The testimony on behalf of the district tended to show that appellants' lands were wet and contained pond holes and sloughs; that the water level of some of these sloughs had been lowered somewhat by excavating ditches and by laying tile but that these pond holes would be completely drained by the construction of this improvement; that as the lands were situated at the time this assessment was levied they would hardly grow a crop; that after this improvement was put in they would be good agricultural lands for farming purposes. There is testimony on behalf of appellants that tended to show that some of this land, at least, was already sufficiently drained, and that while there were still pools on the land, and perhaps two or three small ponds, most of the lands were in a high state of cultivation before the drainage district was formed and that the lands would not be benefited by the proposed improvement. Considering all the testimony in the record, the jury were justified in finding that the lands of appellants were benefited to the amount of the assessment. The case of *Sangamon and Drummer Drainage District* v. *Houston,* 284 Ill.

406, is not conclusive on this point, because in that case there was only proof that the improvement would accelerate the drainage of the lands in question, but no proof, as there is here, that the lands annexed to the district would be benefited for agricultural purposes. While the lands of the appellants were higher than much of the adjacent land within the original district, the testimony is quite clear that some parts of the land needed draining. Stated in the light most favorable to appellants, there can be no question but that the evidence is conflicting as to whether the land is benefited the amount of the assessment. When evidence is conflicting on questions of this nature,—and particularly on issues, such as these, to be determined wholly by the opinions of witnesses,—this court will not interfere with the verdict of the jury and judgment of the trial court unless clearly and palpably against the weight of the evidence. (*City of Chicago* v. *Weber,* 260 Ill. 105; *North Richland Drainage District* v. *Karr,* 280 id. 567, and cases cited.) On this record the verdict of the jury and the finding of the trial court on the question of benefits are not clearly against the weight of the evidence.

Counsel for appellants further argues that appellants' property was assessed out of proportion to the cost of the improvement. All the evidence on this question was heard before the jury and none on the legal objections heard by the court. The evidence offered and relied on by counsel for appellants on this question tended to show that the property of appellants was assessed out of proportion, acre for acre, to other property assessed. In an assessment proceeding of this kind there are only two issues to be submitted to the jury: one, was the property assessed more than it was benefited; and the other, was it assessed more than its proportionate share of the cost of the entire improvement. (*City of East St. Louis* v. *Illinois Central Railroad Co.* 238 Ill. 296; *North Richland Drainage District* v. *Karr, supra.*) While the jury were correctly instructed

286 — 36

on this question, as already intimated the evidence relied on by counsel for appellants to show that the property was assessed out of proportion tended to show, not that it was assessed out of proportion to the cost of the entire improvement but that it was assessed out of proportion to the other pieces of property assessed in the proceeding. Here, again, the verdict and finding of the trial court are not clearly and palpably contrary to the evidence bearing on this question that was submitted to the jury, therefore this court will not interfere in that regard.

In this connection it is proper to take up and consider the evidence offered for appellants by an engineer, which the trial court, on objection, refused to receive. Appellants offered to show by this witness that the amount which should be assessed to any one piece of property under this assessment, as relating to the benefits which such piece of property derived from the entire drainage work, would be computed with reference to the total amount to be raised by the tenth assessment as compared with $3,500,000 taken as the total benefits received by the lands of the district for the entire improvement. One of the appellants testified that the total benefits to the lands within the district would be $4,000,000 or $5,000,000. This was the only evidence in the record as to the benefits received from all the lands in the district, and where the witness could not guess accurately, within a million dollars, the benefits to all the lands, it is apparent that the evidence as to such benefits was very indefinite, and, moreover, was merely the testimony of the witness as to the very conclusion that the jury were called to pass upon. Furthermore, the question upon which he would base his testimony and conclusion not only took into consideration this assessment but the previous nine assessments. In *Freesen* v. *Scott County Drainage District,* 283 Ill. 536, this court said (p. 546) : "It is undoubtedly true, as suggested by the defendants in error, that it often happens in making up an assessment roll on a speculative

basis that some one or more tracts in the district do not receive the amount of benefit it was anticipated they would receive from the improvement at the time the assessment was spread.  Still, we know of no authority which permits an equalization of such prior assessment on the spreading of the second assessment for a new or additional improvement."  Under the reasoning of that case it is clear that the testimony of this witness as to the proportionate bene-fits of this assessment, compared with the proportionate benefits of all the assessments, would be improper, and would tend to mislead rather than assist the jury in reaching a correct conclusion as to the questions properly submitted to them on this hearing.

One of the appellants on the trial of the case testified that he supposed the crops growing on the land within the district would be worth at that time more than a million dollars.  On objection the answer was stricken out.  It is argued by counsel for appellants that the court erred in so doing.  It is obvious that the value of the crops on the lands would be a variable amount, varying in different years, and it is evident from the testimony of this appellant that he had no definite idea as to the accurate value of the crops. We do not think the court erred in striking out this answer.

Counsel for the appellants further argues that the court erred in refusing two instructions offered on their behalf. These instructions were both argumentative in form and were not accurate as to some of the facts stated and therefore were not based entirely upon the record.  For these reasons they were both properly refused.

We find no material error in the record.  The judgment of the county court will therefore be affirmed.

*Judgment affirmed.*