The Commissioners of the McGee Creek Levee and Drainage District, Appellees, *vs.* The Wabash Railway Company *et al.* Appellants.

*Opinion filed December 16, 1925—Rehearing denied Feb. 5, 1926.*

1. Drainage—*assessment must not exceed benefits.* A drainage assessment must be spread so that no land will be burdened with more than its proportionate cost of the improvement, and in no case may the assessment exceed the benefits to be derived from the proposed improvement; and lands consisting almost entirely of a lake, which is valuable for hunting and fishing purposes, can not be assessed for drainage where the value for the other purposes is greater than it would be for agricultural purposes if the drainage were successful.

2. Same—*railroad right of way can be assessed only its proportionate share.* A railroad right of way can be assessed for drainage and levee purposes only its proportionate share of the benefits, and where it is shown to receive no benefits from drainage, an assessment amounting to one-fourth of the entire cost of the improvement, and many times greater per acre than that of agricultural lands for both drainage and levee purposes, is more than the company's proportionate share of the cost.

3. Same—*what must be determined by jury making drainage assessment.* A jury empaneled to make an assessment for an improvement in a levee drainage district must determine only whether the property is assessed more than it is benefited and whether it is assessed more than its proportionate share of the cost.

4. Same—*when all lands cannot be assessed a flat rate—subdistricts.* Where the improvement contemplated in a levee district is of a general nature the assessment is properly levied upon all the lands of the district, but where it appears that some portions of the lands by reason of their peculiar location are in need

of more minute and particular drainage, the proper procedure is to organize sub-districts under the provisions of the statute; and it is not proper to levy a flat assessment for levee purposes where some of the lands are high and derive little or no benefit from the improvement.

Thompson, J., dissenting.

Appeal from the County Court of Pike county; the Hon. Mark Bradburn, Judge, presiding.

Wilson & Schmiedeskamp, (N. S. Brown, and L. H. Strasser, of counsel,) for appellant the Wabash Railway Company.

L. O. Vaught, for appellants Harry W. Dorwart and Henry C. Goebel.

Hubbard & Lewis, for other appellants.

Williams & Williams, for appellees.

Mr. Justice Heard delivered the opinion of the court:

The McGee Creek Levee and Drainage District was organized as a drainage district in 1905. It embraces about 10,800 acres of land, one-third of which is in Brown county, the remaining two-thirds in Pike county. When the district was organized a levee was constructed, beginning about a quarter of a mile northeast of the northwest corner of section 23, in Brown county, and extending in an easterly direction about a mile to the west bank of the Illinois river, and was constructed for the purpose of preventing the waters of Camp creek, which is immediately north of the levee, from overflowing the lands of the district. The levee then continues down the west bank of the Illinois river to McGee creek, where it turns and continues in a westerly and northwesterly direction along the north and east banks of the creek to a point about a quarter of a mile west of the center of section 9. The river levee is about seven miles in

length and the McGee creek levee about four miles. At the time the district was organized a pumping station was built at the southeast corner of the district, and a main channel or ditch was built in a northerly direction about seven miles. Lateral ditches were also built. In 1914 funds were raised to build a pumping plant immediately north of the Wabash railroad right of way, on the west side of the river, and to construct a ditch, called the auxiliary main ditch, leading from the new pumping plant. The present proceedings were instituted by the commissioners of the district in the county court of Pike county, and resulted in an order of the county court confirming an assessment of $226,751.82 against the lands of appellants and others in the district for the purpose of increasing the height of the levee, constructing certain ditches and increasing the capacity of the upper pumping plant. From this order three separate appeals were taken: one by the Wabash Railway Company, one by appellants Harry W. Dorwart and Henry C. Goebel, and one by the nineteen other appellants.

Appellants Dorwart and Goebel are the owners in common of 86 acres of land in the district, which was assessed $1872.44 but was reduced by the jury to $872.44, which amount was approved by the court in the order confirming the assessments. The uncontradicted evidence shows that about 80 acres of this tract is covered by water and is known as Barlow lake. This lake is about a quarter of a mile wide east and west and three-quarters of a mile in length north and south. It lies just west of the levee along the Illinois river and is separated from the levee only by a narrow fringe of land. It is five or six feet in depth, and at the average stage of the Illinois river its surface is below the surface of the river. The evidence shows that it was bought three years ago for hunting and fishing purposes, for which purposes it is best fitted, and with one exception it is the only lake remaining in that region valuable for hunting and fishing. Its value for that purpose is more than it would be

for agricultural purposes even if successfully drained. The evidence shows that the drainage of the lake would wholly destroy its value for hunting and fishing and that the drainage work proposed would not fit the land for agricultural purposes, and that the proposed improvement, instead of benefiting the land and increasing its market value, would decrease the same. A special assessment must be spread so that no land will be burdened with more than its proportionate cost of the improvement, and in no case may the assessment exceed the benefits to be derived from the proposed improvement. (*Little Beaver Drainage District* v. *Livingston,* 270 Ill. 582.) The evidence in the case showed that the assessments against the lands of Dorwart and Goebel were in excess of the benefits to be derived from the proposed improvement, and the order of the county court must be reversed as to these appellants.

The amount assessed by the jury and confirmed by the order of the court against the Wabash Railway Company upon its right of way as benefits was $25,000. The Wabash right of way within the district consists of a strip between three and a half and four miles long and 100 feet in width, except at Perry Springs station, where for a distance of 100 feet the width is 1000 feet. There is an elevated embankment running a little northwesterly across the district. It averages about twelve feet in height. This embankment is riprapped with stone on the north side for a distance of 3.32 miles and 3.08 miles on the south side. The riprap starts at the base of the embankment and extends upward an average of ten feet. One of the engineers for the drainage district testified that he had made estimates to determine what it would cost to replace the embankment in the event that it was destroyed, and he estimated the cost of replacement at $98,000, while another of the district's engineers fixed the cost at $97,800. The commissioners in their assessment roll assessed the right of way $35,000, $30,000 of which was for levee purposes and $5000 for drainage pur-

poses, which assessment was reduced to $25,000. In making their assessment the commissioners assessed the rest of the land in the district for drainage purposes from $2.96 per acre to $13.96 per acre, depending upon the elevation of the land, while for the same purposes they assessed the right of way of the Wabash Railway Company at $102.04 an acre. The entire assessment authorized against the land in the district for levee purposes was $100,000, and of this $30,000 was assessed against the railway company by the commissioners. The jury in fixing the amount at $25,000 did not specify how much of this was for levee purposes and how much for drainage purposes, but as the evidence failed to show that the right of way, as right of way, would be benefited by the proposed improvement, it is probable that most, if not all, of the $25,000 was assessed against the railway company for levee purposes. The lands in the district other than the right of way were assessed for these purposes by the commissioners at a flat rate of $7.80 per acre, which would make a total assessment of those lands for drainage and levee purposes of from $10.76 per acre to $21.76 per acre, while the rate fixed in the confirmation order for these purposes against the right of way of the railway company amounts to $510.20 per acre. From the provisions of the act under which the drainage district was organized it is manifest that it was the intention of the act that land owners should pay their proportionate share of the cost of the improvement if their lands are benefited, and that railroad corporations whose road-beds or rights of way are benefited should contribute their proportionate share of the cost, and that the commissioners shall apportion all such benefits in their assessment roll, and on the trial the jury shall view the premises, and where the road-bed or right of way of a railroad corporation is benefited by the improvement they shall assess against the railroad company its proportionate share of the benefits. (*Kickapoo Drainage District* v. *City of Mattoon,* 284 Ill. 393.) In a pro-

ceeding of this kind, where a jury has been empaneled and ordered to make an assessment, there are only two issues to be submitted to the jury: (1) Was the property assessed more than it was benefited? (2) Was it assessed more than its proportionate share of the cost? (*Inlet Swamp Drainage District* v. *Gehant,* 286 Ill. 558; *Savanna and York Drainage District* v. *DeLaVergne,* 298 id. 480.) Without going into the evidence in this case in detail, we are of the opinion that the assessment of $25,000 against the Wabash Railway Company was more than its proportionate share of the cost of the proposed improvement, and the order of the county court confirming the assessment must be reversed.

The lands of the other appellants lie on the westerly side of the district and are the high lands of the district, which are called by some of the witnesses bluffs. The proposed ditches are on the opposite side of the district, and except one along the Wabash railroad, which does not touch the lands of these appellants or carry any of the water from their lands, the proposed new ditches are east of the main ditches, running north and south through the district, and the lands of these appellants are on the west side of these main ditches. It is apparent from the evidence that these high lands on the opposite side of the main ditch could be benefited very little, if at all, by the draining of Round pond and Barlow lake and by the construction of the ditches east of the main ditch. Where the improvement contemplated in a levee district is of a general nature and for the benefit of all the lands of the district the assessment is properly levied upon all the lands of the district, but whenever it appears that some portions, only, of the lands in the district are not sufficiently drained by reason of the peculiar location and situation of the lands, which are thus in need of more minute and particular drainage, the proper procedure is to organize sub-districts under the provisions of the law. (*Freesen* v. *Scott County Drainage District,* 283 Ill. 536; *Sangamon and Drummer Drainage District* v. *Illinois*

*Central Railroad Co.* 272 id. 374.)   In the present case the court confirmed an arbitrary flat assessment of $7.80 per acre for levee purposes upon all the lands of the district, including the high lands of these appellants, and levied and confirmed an assessment upon the entire lands of the district for improvements which were local only to a part of the district and which were of no benefit to the entire district or to the lands of these appellants.

The order and judgment of the county court, so far as the lands of all of the appellants in this case are concerned, are reversed and the cause remanded to the county court of Pike county.                    *Reversed and remanded.*

Mr. Justice Thompson, dissenting:

Where the evidence on the question of benefits is conflicting, as it is in this case, and the trial court and jury have had the benefit of seeing and hearing the witnesses and of a view of the territory involved, this court will not interfere with the judgment of the trial court unless clearly and palpably against the weight of the evidence. (*Inlet Swamp Drainage District* v. *Gehant,* 286 Ill. 558; *City of Chicago* v. *Weber,* 260 id. 105; *Topliff* v. *City of Chicago,* 196 id. 215.)   Whether the property of appellants will be benefited to the extent it is assessed is a question to be determined largely from the opinions of the different witnesses.   In weighing these opinions much depends upon the appearance of the respective witnesses while on the stand, their manner of testifying and their apparent intelligence and judgment.   The fact that we may differ with the jury and the trial judge does not warrant us in setting aside the verdict and judgment unless we can say they are manifestly against the clear preponderance of the evidence.   That finding is not made in this case, nor do I think it can be made on this record.