C. W. PISTORIUS *et al.* Plaintiffs in Error, *vs.* THE MO-
MENCE AND PEMBROKE UNION DRAINAGE DISTRICT,
Defendant in Error.

*Opinion filed December 23, 1926.*

DRAINAGE—*entire drainage district must be assessed for new
work under section 37 of Levee act.*  Under section 37 of the Levee
act, authorizing an assessment for additional work to provide com-
plete drainage, there must be an assessment upon all the lands of
the district, and a petition filed under said section does not author-
ize an assessment on only a part of the lands of the district, not-
withstanding at the time the petition was filed no sub-district could
be formed under section 59 because the district did not maintain a
levee as a part of its work.

WRIT OF ERROR to the County Court of Kankakee
county; the Hon. HENRY F. RUEL, Judge, presiding.

A. F. GOODYEAR, and V. A. PARISH, for plaintiffs in
error.

W. R. HUNTER, and EVA L. MINOR, for defendant in
error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Defendant in error in 1922 filed in the county court of
Kankakee county an amended petition under section 37 of
the Levee act for an additional assessment to do certain
new drainage work and to pay the outstanding indebtedness
of the district.  The petition was granted, and the assess-
ment roll was filed by the commissioners in January, 1923,
in pursuance of the order of the court upon the petition.
Numerous objections were filed by plaintiffs in error, and
all of them except one, which was complied with by amend-
ment of the roll, were overruled.  A hearing was had before
a jury upon the question of benefits and damages, and an
assessment was spread substantially the same as the roll

324—6

submitted by the commissioners. The county court entered an order of confirmation, from which the objectors have prosecuted a writ of error to this court.

Many errors are assigned by counsel for plaintiffs in error though all of them are not argued in their briefs. From the view we take of the case it will only be necessary to consider one objection raised: "that there are lands in said drainage district that are not assessed in said assessment roll." In other words, this proceeding being one under section 37 of the Levee act, the question is presented, Was it proper to spread an assessment upon a certain portion of the lands of the district and not upon all the lands therein? The petition as filed did not disclose that only a part of the lands of the district were to be assessed. This situation first appeared upon the filing of the assessment roll, after which numerous objections were made and filed by plaintiffs in error.

The new work proposed was on lands lying south of the main ditch running east and west through the district and near its center. Only those lands were assessed for the new work, and lands lying north of the main ditch were not assessed for that work. The total assessment against the lands lying south of the main ditch for the new work was $23,783. All the lands of the district were assessed in the sum of $5312.93 to pay the outstanding indebtedness of the district. Upon the hearing of objections to the confirmation of the assessment roll the court instructed the jury that the commissioners made no claim for assessment on any lands lying north of the main ditch for the cost of construction of the proposed new work, and that the lands lying north of the ditch were assessed only for benefits received from the expenses and liabilities of former proceedings.

Section 37 of the Levee act, among other things, authorizes proceedings by any drainage district for the assessment of the lands of the district for additional work therein to

provide complete drainage and to pay obligations incurred for current expenses of the district. In *Sangamon Drainage District* v. *Illinois Central Railroad Co.* 272 Ill. 374, it was decided that proceedings under section 37 of the Levee act contemplated an assessment upon all of the lands of the district, and not a levy or assessment upon any part of the district less than the whole for the benefit of that particular part. The latter situation, the court said, was provided for by section 59, which authorizes the formation of a sub-district where particular lands were in need of more minute and complete drainage, and where it appeared to the commissioners that additional ditches, etc., were necessary therefor. (See, also, *People* v. *Leonard,* 279 Ill. 159.) In *Freesen* v. *Scott County Drainage and Levee District,* 283 Ill. 536, this court said: "The plan of drainage contemplated by section 37 of the Levee act is entirely separate and distinct from that contemplated by section 59. Proceedings under section 37 are appropriate wherever the contemplated improvement is necessary for the adequate drainage of the whole district and is intended for that purpose, and the section provides for the construction of an improvement of such general character that it should have been included in and made a part of the original improvement. Section 59 was intended to provide for the organization of sub-districts whenever it appeared that some portions, only, of the lands in the district are not sufficiently drained by reason of the peculiar location and situation of the lands which are thus in need of more minute and particular drainage."

Counsel for defendant in error contend that the commissioners of the district could not have proceeded in 1922 under section 59 of the Levee act because that section did not then authorize the organization of sub-districts except in districts which maintain a levee, and the district hereoinvolved had no levee. Section 59 was amended in 1919 by authorizing the organization of sub-districts in any original

district "which maintains a levee as a part of its work." That section was again amended in 1923 by omitting the words "which maintains a levee as a part of its work." Conceding the contention of defendant in error that section 59 did not authorize the filing of a petition thereunder between 1919 and 1923, that did not warrant the filing of a petition under section 37 and the assessment against only a part of the lands of the district for the new work. Section 37, under which this proceeding was had, did not authorize an assessment of part of the lands to pay for new work done in a district already organized.

The effect of the instruction of the court complained of, given at the hearing on the objection to the confirmation of the assessment roll, was to inform the jury that if the commissioners asked the assessment be made only upon the lands lying south of the main ditch for the new improvement it was proper to confirm it. In another instruction complained of, the court told the jury it should not consider two other assessment rolls offered in evidence fixing benefits, and which had been filed prior to this proceeding, except as to the item of $5312.93, which amount was assessed for the purpose of paying expenses and liabilities formerly incurred. As previously stated, the assessment roll submitted by the commissioners in this case assessed only the lands lying south of the main ditch for the proposed new work, and the court by its instruction told the jury the commissioners had the right to make that assessment against those lands. Under the decisions we have cited the assessment roll was incorrect as to the lands lying south of the main ditch, but the effect of the instruction was that the roll was correct. It is true, all the instructions given are not printed in the abstract, and defendant in error says the instructions set out and complained of should not be considered. Even if no instructions had been complained of, the order of the court confirming the assessment roll was erroneous. The instructions set out plainly show that the

court was of opinion the roll as to the lands lying south of the main ditch for new work was correct, and they may be properly considered as emphasizing the error of the court's actions in confirming the roll.

The order confirming the assessment upon the property of plaintiffs in error was erroneous, and it will therefore be reversed and the cause remanded.

*Reversed and remanded.*