*In re* ROCKVILLE DRAINAGE DISTRICT NO. 2 (Rockville Drainage District No. 2, Plaintiff-Appellant, *v.* Clara Mougin *et al.*, Defendants-Appellees).

Third District  No. 3—83—0730

Opinion filed July 13, 1984.

Gary L. Brown, of Kankakee, for appellant.

J. Scott Swaim, of Kankakee, for appellees.

JUSTICE STOUDER delivered the opinion of the court:

This appeal arises from the dismissal of a petition to approve construction and access costs of a drainage system in Kankakee County, Illinois. A petition for declaration of duties, complaint for injunction and petition for additional assessments was filed by the Commissioners of Rockville Drainage District No. 2 (Commissioners) on February 19, 1982. Defendants Clara and Martha Mougin (objectors) responded on April 14, 1982. A hearing was then held at which an engineer and surveyor testified that the present drainage system was outmoded and the cost to repair and update it would exceed the cost of a new system. In order to adequately drain the area and prevent crop damage, a fall of nine feet per mile was needed to prevent erosion, sedimentation and flooding. Several landowners also testified that crop damage had resulted from flooding. Following the hearing, the circuit court of Kankakee County dismissed the petition and found (1) that it had jurisdiction, (2) that the court had no authority to approve work already completed or to approve an assessment thereon, and (3) that the project would not benefit the Mougins, through whose property the drainage system had to pass in order to have an outlet.

The drainage system as proposed to replace the existing system was divided into two sections, A—G and H—L. Section A—G had al-

ready been completed and extends from the intake to the objectors' property line. The adjacent landowners have voluntarily paid $150 per acre for construction of section A—G. The Commissioners did not seek court approval for either the project or its cost at the time construction was commenced. Construction of section H—L has not yet been commenced. This section extends from the objectors' property line to the outlet, a distance of approximately 2,125 feet, at an estimated cost of $33,000 to $35,000. The cost of the entire project is estimated at $85,000.

The sole issue before this court is whether the circuit court erred in dismissing the petitions based upon its finding that the project would not benefit the objectors. We find that the court erred for the following reasons.

Section 4—24 of the Illinois Drainage Code sets out the grounds for dismissal of petitions submitted to a court for approval. (Ill. Rev. Stat. 1981, ch. 42, par. 4—24.) Section 4—24 states:

"If, at the conclusion of the hearing, the court finds that it is not necessary or advisable to construct any of the proposed work or to make any of the proposed changes or to exercise any of the proposed powers or to levy any proposed assessment, or finds that the cost thereof to the lands and other property in the district will exceed the benefits thereto, then the court shall dismiss the petition."

In *In re Petition to Levy Assessments* (1974), 19 Ill. App. 3d 125, 310 N.E.2d 454, the court outlined the steps a court should follow when asked to approve a drainage petition. The court must first determine if it is advisable to engage in the proposed work. In so doing, the Fourth District said, the court must consider whether the costs exceed the benefits. This means that the court must consider all viable alternatives and if necessary incorporate these alternatives into the plan. (19 Ill. App. 3d 125, 130, 310 N.E.2d 454, 459.) In this case the court made no findings as to the advisability or necessity for the project, although evidence as to its necessity and advisability was brought out at the hearing, nor did the court find that the cost of the project "to the lands and other property in the district" exceeded the benefit. The only finding made by the circuit court is that the project would not benefit the Mougins. This finding is admittedly pertinent to the levy of an assessment against the Mougins; however, the drainage plan itself need only benefit the drainage district as a whole. (See *Freesen v. Scott County Drainage & Levee District* (1918), 283 Ill. 536, 119 N.E. 625.) Clearly the outmoded system benefited the district as a whole, and the new system will do likewise. Our review of

the facts shows evidence that the benefit to the district as a whole of the new drainage system exceeds the cost. Even if, as the objectors allege, the system will benefit land outside of the district, special assessments can be levied against these landowners. Ill. Rev. Stat. 1981, ch. 42, par. 8—1 *et seq.*

Nor are we convinced that the objectors will not benefit from the installation of a new drainage system. Evidence was presented at the hearing which indicated that benefit to the objectors would be substantial.

The objectors also argue that because the Commissioners failed to seek court approval for construction of section A—G that the trial court could not levy any additional assessments to complete the project. Section 4—19 of the Drainage Code sets out the circumstances under which court approval is required. (Ill. Rev. Stat. 1981, ch. 42, par. 4—19.) The statute reads:

> "If the commissioners determine that it is necessary or advisable (a) to exercise any of the specific powers conferred upon them by Section 4—16 of this Act, or (b) to levy an additional assessment (unless the alternate method of levying an additional assessment for repair work provided by Section 5—18 is being followed), or (c) to levy an annual maintenance assessment, or (d) to increase an existing annual maintenance assessment, or if the commissioners are requested in writing by a majority of the adult landowners owning one-third of the land, or by at least one-third of the landowners owning the major portion of the land, to exercise any such power or to levy any such assessment, then the commissioners shall file a verified petition in the court in which the district is organized for authority to exercise such power or powers or to levy such an assessment."

Clearly the court had authority to approve the levy of an additional assessment as well as authority to approve the drainage plan as a whole and levy assessment for completion of the system, although the Commissioners undeniably should have sought approval for the entire system prior to construction of section A—G.

We, therefore, reverse the decision of the circuit court of Kankakee County dismissing the petition and remand this case to the circuit court for proceedings consistent with this opinion.

Reversed and remanded.

SCOTT and HEIPLE, JJ., concur.